Victor Viramontes (SBN 214158)
Martha L. Gomez (SBN 274024)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: vviramontes@maldef.org
        mgomez@maldef.org

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| MARIA G. MORENO, ESTHER L. LOPEZ, FRANCISCO OROZCO, ABRAHAM ORTIZ, JAVIER GARCIA, FLORENCIA GUTIERREZ, and ISRAEL LOPEZ on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC., J.L. PADILLA & SONS LABOR SERVICE, INC., MELBA NUÑEZ CONTRACTING (form unknown), and Does 1-20, inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  Violation of the Agricultural Workers Protection Act, 29 USC § 1801 *et seq*.;<br>2.  Failure to Pay Wages;<br>3.  Failure to Pay Reporting Time Wages;<br>4.  Failure to Provide Rest and Meal Periods;<br>5.  Failure to Pay Wages of Terminated or Resigned Employees;<br>6.  Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;<br>7.  Failure to Reimburse Work Expenses<br>8.  Violation of Unfair Competition Law<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs MARIA G. MORENO, ESTHER L. LOPEZ, FRANCISCO OROZCO, ABRAHAM ORTIZ, JAVIER GARCIA, FLORENCIA GUTIERREZ, and ISRAEL LOPEZ (collectively "PLAINTIFFS") bring this action against CASTLEROCK FARMING and TRANSPORT, INC., J.L. PADILLA & SONS LABOR SERVICE, INC., MELBA NUÑEZ CONTRACTING (form unknown), and DOES 1-20 (collectively "DEFENDANTS"), on behalf of themselves and all others similarly situated, and the general public, and allege upon information and belief, as follows:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*

2.      This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

3.      This Court is empowered to grant declaratory relief under 28 U.S.C. § 2201.

4.      Venue is proper in the Eastern District of California under 28 U.S.C. § 1391 because this District is the district in which the defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

**INTRADISTRICT ASSIGNMENT**

5.      This case is properly assigned to the Fresno Division of this Court because the action arose in Tulare and Kern Counties, California.  Local Rule 3-120(d).

**CLASS PERIOD**

6.      On or about September 12, 2005, a class action suit was filed against Castlerock Farming and Transport, Inc. that tolled the statute of limitations for all asserted class members and class members who file a separate action.  (Case No. S-1500 CV 252445 SPC).  As such, the statute of limitations for the class members has been tolled since 2005.  The Class Period in this case is from September 12, 2001 to the present.

# PARTIES

**Plaintiffs**

7.      Named Plaintiffs MARIA G. MORENO, ESTHER L. LOPEZ, FRANCISCO OROZCO, ABRAHAM ORTIZ, FLORENCIA GUTIERREZ, and ISRAEL LOPEZ are residents of Kern County, and JAVIER GARCIA is a resident of Tulare County, California. PLAINTIFFS are or were agricultural workers, within the meaning of 29 U.S.C. § 1802(10), and are or were employed, within the meaning of 29 U.S.C. § 1802(3), by one or more of the DEFENDANTS to work in agricultural operations in or near Kern or Tulare Counties at various times during the Class Period.

8.      Plaintiff MARIA G. MORENO is a resident of Kern County, California. At relevant times, she has been employed directly by CASTLEROCK, or jointly by CASTLEROCK and various farm labor contractors, including MELBA NUÑEZ CONTRACTING and J.L. PADILLA & SONS LABOR SERVICE, INC., to provide labor on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare Counties. MARIA G. MORENO has been employed at CASTLEROCK as a non-exempt employee. Plaintiff MARIA G. MORENO was hired under oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District under Local Rule 3-120. During the relevant time period, MARIA G. MORENO worked at CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through 2010, punctuated by seasonal and other types of lay-offs at agreed-upon hourly and/or piece wage rates that varied over her period of employment.

9.      Plaintiff ESTHER L. LOPEZ is a resident of Kern County, California. At relevant times, she has been employed directly by CASTLEROCK, or jointly by CASTLEROCK and various farm labor contractors, including MELBA NUÑEZ CONTRACTING, to provide labor on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare Counties. ESTHER L. LOPEZ has been employed at CASTLEROCK as a non-exempt

1    employee.  Plaintiff ESTHER L. LOPEZ was hired under oral contracts of employment entered

2    into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District

3    under Local Rule 3-120.   During the relevant time period, ESTHER L. LOPEZ worked at

4    CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District,

5    performing agricultural work at various times from 2004 to 2010, punctuated by seasonal and

6    other types of lay-offs, at agreed-upon hourly and/or piece wage rates that varied over her period

7    of employment.

8         10.    Plaintiff FRANCISCO OROZCO is a resident of Kern County, California.  At

9    relevant times, he has been employed directly by CASTLEROCK, or jointly by CASTLEROCK

10   and various farm labor contractors, including MELBA NUÑEZ CONTRACTING, to provide

11   labor on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare

12   Counties.   FRANCISCO OROZCO has been employed at CASTLEROCK as a non-exempt

13   employee.  Plaintiff FRANCISCO OROZCO was hired under oral contracts of employment

14   entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern

15   District under Local Rule 3-120.  During the relevant time period, including from 2009 to 2011,

16   FRANCISCO OROZCO worked at CASTLEROCK within the Intradistrict Venue of the Fresno

17   Division of the Eastern District, performing agricultural work at various times during the Class

18   Period through November 2011, punctuated by seasonal and other types of lay-offs, at agreed-

19   upon hourly and/or piece rates that varied over his period of employment.

20        11.    Plaintiff ABRAHAM ORTIZ is a resident of Kern County, California.   At

21   relevant times, he has been employed directly by CASTLEROCK, or jointly by CASTLEROCK

22   and various farm labor contractors, including MELBA NUÑEZ CONTRACTING, to provide

23   labor on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare

24   Counties. ABRAHAM ORTIZ has been employed at CASTLEROCK as a non-exempt

25   employee.  Plaintiff ABRAHAM ORTIZ was hired under oral contracts of employment entered

26   into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District

27   under Local Rule 3-120.   During the relevant time period, including from 2006 to 2010,

28

- 3 -

CLASS ACTION COMPLAINT

ABRAHAM ORTIZ worked at CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through November 2010, punctuated by seasonal and other types of lay-offs, at agreed-upon piece rates that varied over his period of employment.

12.    Plaintiff JAVIER GARCIA is a resident of Tulare County, California.  At relevant times, he has been employed directly by CASTLEROCK, or jointly by CASTLEROCK and various farm labor contractors, including J.L. PADILLA & SONS LABOR SERVICE, INC. and MELBA NUÑEZ CONTRACTING, to provide labor on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare Counties.   JAVIER GARCIA has been employed at CASTLEROCK as a non-exempt employee.  Plaintiff JAVIER GARCIA was hired under oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District under Local Rule 3-120.  During the relevant time period, including from 2001 to 2005, JAVIER GARCIA worked at CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at various times during the Class Period through November 2005, punctuated by seasonal and other types of lay-offs, at agreed-upon piece rates that varied over his period of employment.

13.    Plaintiff FLORENCIA GUTIERREZ is a resident of Kern County, California.  At relevant times, she has been employed directly by CASTLEROCK, or jointly by CASTLEROCK and various farm labor contractors, including J.L. PADILLA & SONS LABOR SERVICE, INC., to provide labor on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare Counties.  FLORENCIA GUTIERREZ has been employed at CASTLEROCK as a non-exempt employee.  Plaintiff FLORENCIA GUTIERREZ was hired under oral contracts of employment entered into within the counties covered by Intradistrict Venue in Fresno Division of the Eastern District under Local Rule 3-120.  During the relevant time period, including in 2001, and from 2010 to 2011, FLORENCIA GUTIERREZ worked at CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern District, performing agricultural work at

1  various times during the Class Period through April 2011, punctuated by seasonal and other

2  types of lay-offs, at agreed-upon piece rates that varied over her period of employment.

3       14.    Plaintiff ISRAEL LOPEZ is a resident of Kern County, California.  At relevant

4  times, he has been employed directly by CASTLEROCK, or jointly by CASTLEROCK and

5  various farm labor contractors, including MELBA NUÑEZ CONTRACTING, to provide labor

6  on land owned, leased, and/or operated by CASTLEROCK in and around Kern and Tulare

7  Counties.  ISRAEL LOPEZ has been employed at CASTLEROCK as a non-exempt employee.

8  Plaintiff ISRAEL LOPEZ was hired under oral contracts of employment entered into within the

9  counties covered by Intradistrict Venue in Fresno Division of the Eastern District under Local

10 Rule 3-120.  During the relevant time period, including from 2009 to 2011, ISRAEL LOPEZ

11 worked at CASTLEROCK within the Intradistrict Venue of the Fresno Division of the Eastern

12 District, performing agricultural work at various times during the Class Period through February

13 2011, punctuated by seasonal and other types of lay-offs, at agreed-upon piece rates that varied

14 over his period of employment.

15      15.    PLAINTIFFS and the Class they seek to represent, as DEFENDANTS'

16 employees, were regularly subjected to, or had personal knowledge of the violations described in

17 this Complaint.

18 **Defendants**

19      16.    On information and belief, Defendant CASTLEROCK FARMING AND

20 TRANSPORT, INC. ("CASTLEROCK") has at all relevant times been a California corporation,

21 which conducted and conducts business in Kern, Tulare and Riverside Counties and maintains a

22 business address of Route 2, Box 299, Delano, California 93215, California.  CASTLEROCK's

23 agent for service of process is Albert L. Good.  At all times relevant, CASTLEROCK owned,

24 controlled, or operated a business or establishment that employed persons within the meaning of

25 IWC Order No. 14, 8 California Code of Regulations § 11140 and operated as an employer or

26 joint employer of Class members in this case.  During all relevant times alleged, CASTLEROCK

27 directly or jointly employed Plaintiffs MARIA G. MORENO, ESTHER L. LOPEZ,

28

- 5 -

1   FRANCISCO OROZCO, ABRAHAM ORTIZ, JAVIER GARCIA, FLORENCIA GUTIERREZ,

2   ISRAEL LOPEZ, and similarly situated persons as non-exempt employees and committed the

3   acts complained of here in California and in this District.

4          17.    On information and belief, Defendant J.L. PADILLA & SONS LABOR

5   SERVICE, INC. ("J.L. PADILLA") is a farm labor contractor ("FLC") that at all relevant times

6   has been a California corporation conducting business in Riverside, Kern and Tulare counties.

7   J.L. PADILLA maintains an address at 83131 Camino Bahia in Coachella, California 92236, and

8   its agent for service of process is Jorge Padilla at 52390 Nelson Street, Coachella, CA 92236.  At

9   all times relevant, J.L. PADILLA owned, controlled, or operated a business or establishment that

10  employed persons within the meaning of IWC Order No. 14, 8 California Code of Regulations

11  § 11140 and operated as an employer or joint employer of Class members in this case. During all

12  relevant times alleged, J.L. PADILLA directly or jointly employed Plaintiffs MARIA G.

13  MORENO, JAVIER GARCIA, FLORENCIA GUTIERREZ, and similarly situated persons as

14  non-exempt employees and committed the acts complained of here in California and in this

15  District.

16         18.    On information and belief, Defendant MELBA NUÑEZ CONTRACTING (form

17  unknown) ("MELBA NUÑEZ") is a FLC that at relevant times has maintained the following

18  address:  321 Maria Court, McFarland, California 93250. At all times relevant, MELBA NUÑEZ

19  owned, controlled, or operated a business or establishment that employed persons within the

20  meaning of IWC Order No. 14, 8 California Code of Regulations § 11140 and operated as an

21  employer or joint employer of Class members in this case. During all relevant times alleged,

22  MELBA NUÑEZ directly or jointly employed Plaintiffs MARIA G. MORENO, ESTHER L.

23  LOPEZ, FRANCISCO OROZCO, ABRAHAM ORTIZ, JAVIER GARCIA, ISRAEL LOPEZ,

24  and similarly situated persons as non-exempt employees and committed the acts complained of

25  here in California and in this District

26         19.    PLAINTIFFS are informed and believe, and based thereon allege, that each

27  Defendant acted in all respects pertinent to this action as the agent of the other DEFENDANTS,

28

1  carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of

2  each Defendant are legally attributable to the other DEFENDANTS.  "DEFENDANTS" means

3  each of the defendants as well as all of them.

4  **FACTUAL BACKGROUND**

5  20.    This is a Class Action under Federal Rules of Civil Procedure ("FRCP") Rule 23

6  to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker

7  Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California

8  Business and Professions Code § 17200 *et seq.*  This action is brought on behalf of PLAINTIFFS

9  and members of the Plaintiff Class comprising all non-exempt agricultural employees employed,

10  or formerly employed, by each of the DEFENDANTS within the State of California.  The action

11  seeks recovery for wages, compensation, and other relief due and owing to PLAINTIFFS and the

12  Plaintiff Class members under federal and California laws for the maximum period allowed to

13  the present (the "Class Period" as defined above), as set out below.

14  21.    The claims of this lawsuit result from a pattern of misconduct and wrongdoing

15  that has characterized the labor system utilized at CASTLEROCK by DEFENDANTS, where

16  unpaid and improperly paid labor, as alleged here, are commonplace and regular practices. The

17  practices of DEFENDANTS are uniform, or nearly uniform among CASTLEROCK and each

18  Defendant.  The following paragraphs detail specific violations of law comprising the wage-

19  related claims.

20  22.    At all relevant times DEFENDANTS maintained and enforced against Class

21  members the following unlawful practices and policies, in violation of California state wage and

22  hour laws:

23  (a)    forcing employees to work pre-shift and post-shift "off the clock" time

24  without compensation;

25  (b)    forcing employees to work a second shift without compensation and

26  without split shift pay, or in the alternative, failing to pay for travel time and incurred expenses

27  for work performed off premises;

28

(c)    forcing employees to purchase tools from the employer or otherwise supply their own tools;

(d)    enforcing unlawful piece-rate policies that result in unpaid time and unpaid rest breaks;

(e)    failing to pay minimum wages;

(f)    failing to pay double minimum wage to employees who provide or are required to purchase their own tools;

(g)    failing to authorize and permit proper rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(h)    requiring non-exempt employees to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

(i)    requiring employees to report to work and if an employee did report for work, but was not put to work or was furnished with less than half said employee's usual or scheduled day's work, paid the employee less than half the usual or scheduled day's work at the employee's regular rate of pay and/or less than the legal minimum;

(j)    failing to provide employees with accurate itemized wage statements; and

(k)    failing to maintain accurate time-keeping records.

23.    PLAINTIFFS, on behalf of themselves and all other non-exempt employees employed by, or formerly employed by DEFENDANTS ("Class Members"), bring this action under California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221, 226, 226.7, 512, 1174, 1194, 1194.2, 1197, and 1199, 2802 and Business & Professions Code §§ 17200 *et seq.* seeking unpaid wages, double minimum wages, unpaid rest and meal period compensation, split shift pay, indemnification for employee expenses, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees

- 8 -
CLASS ACTION COMPLAINT

and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by DEFENDANTS as a result of their failure to comply with the above laws.

24.    PLAINTIFFS, on behalf of themselves and all Class Members, under AWPA, 29 U.S.C. § 1801 *et seq*. seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

25.    On information and belief, DEFENDANTS were on notice of the improprieties alleged by their employees, PLAINTIFFS and the Class Members they seek to represent, and intentionally refused to rectify their unlawful policies.

26.    At all relevant times, DEFENDANTS' enforcement of unlawful piece-rate policies was willful and deliberate, and their requirement that non-exempt employees work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods, in addition to the other violations alleged above, was also willful and deliberate.

27.    DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due DEFENDANTS' non-exempt employees, including PLAINTIFFS, during all relevant times, because they have not implemented a record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

28.    DEFENDANTS have failed to comply with California Labor Code § 226(a) by itemizing in wage statements all wages earned and accurately reporting total hours worked by PLAINTIFFS and the Class Members of the proposed class.  PLAINTIFFS and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee under Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

29.    PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action under Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFFS seek to represent the following Class, composed of, and defined, as follows:

All persons employed directly or jointly by Castlerock in California as non-expemt hourly and/or piece-rate employees at any time during the period of September 12, 2001 to the present.

All persons employed by J.L. Padilla and Castlerock as non-exempt hourly and/or piece-rate employees at Castlerock vineyards in California at any time during the period of April 10, 2008 to the present.

All persons employed by Melba Nuñez and Castlerock as non-exempt hourly and/or piece-rate employees at Castlerock vineyards in California at any time during the period of April 10, 2008 to the present.

30.    PLAINTIFFS may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all the prerequisites for class treatment are met.

**Numerosity**

31.    The potential members of the above class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of members of each class has not been determined at this time, PLAINTIFFS are informed and believe that the class consists of several hundred to several thousand employees, the vast majority of them in the State of California throughout this Judicial District in positions as non-exempt employees.

32.    On information and belief, PLAINTIFFS allege the DEFENDANTS' employment records will provide information as to the number and location of the members of the Class.  Joinder of all members of the proposed Class is not practicable.

**Commonality**

33.    There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(a)    Whether Defendants violated California Labor Code and applicable wage orders by not compensating non-exempt employees for all hours worked;

(b)      Whether Defendants violated California Labor Code and applicable wage orders by compensating non-exempt employees at hourly wage rates below the minimum wage rate;

(c)      Whether Defendants violated California Labor Code and applicable wage orders by requiring non-exempt employees to report to work  but not putting them to work or furnishing them with less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay;

(d)      Whether Defendants violated California Labor Code and applicable wage orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

(e)      Whether Defendants violated California Labor Code and applicable wage orders by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

(f)      Whether Defendants violated California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiffs and the Class they seek to represent;

(g)      Whether Defendants violated the California Labor Code and applicable wage orders by enforcing piece-rate policies that do not compensate for all hours worked or rest breaks;

(h)      Whether Defendants violated California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

(i)      Whether Defendants violated § 17200 *et seq.* of the California Business and Professions Code by unlawfully deducting wages, failing to indemnify employees, or failing

- 11 -

CLASS ACTION COMPLAINT

to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring employees to work "off the clock" without compensation and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at hourly wage rates below the minimum wage and converting same to Defendants' own use; unlawfully requiring non-exempt employees to report to work and when they did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, paying them less than half the usual or scheduled day's work at their regular rate of pay and converting same to Defendants' own use; unlawfully requiring employees to work split shifts without paying non-exempt employees one hour's pay at the minimum wage for each workday they work a split shift and converting same to Defendants' own use; failing to provide rest and meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest and meal period compensation due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records causing injury to employees;

(j)      Whether Defendants violated § 17200 *et seq.* of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders.

(k)      Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive and other equitable relief under Business and Professions Code § 17200, *et seq.*;

(l)      Whether Plaintiffs and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and declaratory relief, attorney's fees and costs, and other relief under the California Labor Code, the applicable wage orders, and Business and Professions Code § 17200, *et seq.*; and

(m)      Whether Defendants violated AWPA through their unlawful labor and payroll policies described above, by violating the terms and conditions of the working

1    arrangement, by providing false and misleading information regarding the terms and conditions

2    of the working arrangement, and by engaging in record keeping violations.

3    **Typicality**

4        34.    The claims of the named Plaintiffs are typical of the claims of the Class.

5    PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and

6    caused by DEFENDANTS' common course of conduct in violation of California laws,

7    regulations, and statutes as alleged here.

8    **Adequacy of Representation**

9        35.    PLAINTIFFS will fairly and adequately represent and protect the interests of the

10    members of the Class.  Counsel who represent PLAINTIFFS are competent and experienced in

11    litigating large employment class actions.

12    **Superiority of Class Action**

13        36.    A class action is superior to other available means for the fair and efficient

14    adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

15    questions of law and fact common to the Class predominate over any questions affecting only

16    individual members of the Class.  Each member of the proposed Class have been damaged and is

17    entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

18    compensate Class Members for all wages earned and engaging in the unlawful practices

19    complained of, and denying Class Members rest and meal periods without legal compensation.

20        37.    No other litigation concerning this controversy has been commenced by or against

21    class members.

22        38.    Class action treatment will allow those similarly situated persons to litigate their

23    claims in the manner that is most efficient and economical for the parties and the judicial system.

24    It is unlikely that individual class members have any interest in individually controlling separate

25    actions in this case.  Class members' lack of knowledge of the legal system and limited

26    economic resources would deprive most class members of the practical opportunity to pursue

27    their claims were this class action not certified.

28

39.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIMS FOR RELIEF

### FIRST CLAIM OF RELIEF
**Violation of AWPA**

40.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

41.    Defendants intentionally violated PLAINTIFFS' and the Class Members' rights under AWPA by:

(a)    providing false and misleading information regarding the terms and conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

(b)    violating the terms of the working arrangement made with Plaintiffs in California, in violation of 29 U.S.C. § 1832(c); these working arrangements are contained in the IWC Wage Orders which are required to be and, actually are posted and communicated by Defendants to Plaintiffs as required by the IWC Wage Orders;

(c)    failing to pay wages when due for unpaid off-the-clock time, for missed rest periods, for missed meal periods, for reporting time in violation of 29 U.S.C. § 1832(a); and

(d)    failing to provide workers with accurate itemized written statements which include the correct number of hours worked; the correct total pay period earnings; and the correct net pay in violation of 29 U.S.C. § 1831(c).

42.    PLAINTIFFS allege that DEFENDANTS communicated the terms of employment with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the employer with regard to working conditions required by state law, and in particular with regard to: the payment of minimum wages; payment of reporting time pay; recording keeping requirements; provision of meal periods; provision of rest periods; and

- 14 -
CLASS ACTION COMPLAINT

1  application of penalties.  The DEFENDANTS also communicated a wage and piece rate to

2  employees in a variety of ways including on wage statements.  This wage rate was not complied

3  with  due to the underpayments described in this complaint.  These terms constituted the

4  communicated working arrangement with these employees, which was systemically violated.

5      43.    For each violation of AWPA, each Class Member is entitled to recover his or her

6  actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

7                          **SECOND CLAIM OF RELIEF**
                            **Failure to Pay Wages**
8

9      44.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

10     45.    On information and belief, by their intentional policy of:

11         (a)    requiring employees to work "off the clock" by, for example, arriving

12  early for set up, attending trainings and other meetings, and requiring employees to clean their

13  bandejas (trays) at home without compensation;

14         (b)    requiring employees to work at hourly wage or piece rates below

15  minimum wage;

16         (c)    requiring employees to report to work and when the employee does report

17  for work, but is not put to work or is furnished less than half said employee's usual or scheduled

18  day's work, paying the employee less than half the usual or scheduled day's work at the

19  employee's regular rate of pay or less than the legal minimum;

20         (d)    requiring employees to work split shifts without paying employees one

21  hour's pay at the minimum wage for each workday they work a split shift;

22         (e)    requiring employees to work without being provided a minimum ten (10) -

23  minute rest period for every four (4) hours or major fraction thereof worked and not being

24  compensated one (1) hour of pay at the employee's regular rate of compensation for each

25  workday that a rest period was not provided;

26

27

28

- 15 -
CLASS ACTION COMPLAINT

(f)    requiring employees to work in excess of five (5) hours per day without being provided a meal period and not being compensated one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided;

(g)    requiring employees to perform unpaid work while earning piece rate;

(h)    failing to pay at least two times the minimum wage to employees whom they required to provide and maintain hand tools;

(i)    failing to provide and maintain tools or equipment required by the Defendants or necessary to the performance of the jobs performed;

(j)    requiring employees to purchase tools from the Defendants and/or maintain tools and equipment; and

(k)    failing to pay all wages due at employee's voluntary or involuntary termination.  Defendants willfully violated the provisions of the Labor Code, other California laws, and IWC Wage Orders.

46.    Defendants failed to pay minimum wage "for all hours worked."  In particular, Plaintiffs and the class were forced to work "off the clock" time without compensation by being forced to clock out and return to work through meal periods.

47.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

48.    The applicable minimum wages fixed by the commission for agricultural workers is found in Wage Orders 8-2001, 13-2001 and 14-2001, which state:

> 4. Minimum Wages.
>
> (A) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy five cents ($6.75) per hour for all hours worked effective January 1, 2002, except:

- 16 -
CLASS ACTION COMPLAINT

(1) LEARNERS: Employees during their first one-hundred and sixty (160) hours of employment in occupations in which they have no previous similar or related experience, may be paid not less than eighty-five (85) per cent of the minimum wage rounded to the nearest nickel.

49.    The minimum wage provisions of California Labor Code are enforceable by private civil action under California Labor Code § 1194(a) which states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

50.    As described in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

51.    California Labor Code § 1194.2 also provides for the following remedies:

(a) In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

52.    As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees under § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon under California Labor Code § 1194.2(a).

53.    The above violations constitute predicate acts for a failure to pay wages when due under AWPA. Further as violations of the IWC Wage Orders communicated to employees, this cause of action constitutes a violation of the AWPA "working arrangement" provisions.

### THIRD CLAIM OF RELIEF

**Failure To Pay Reporting Time Wages**
**(California Labor Code §§ 1197, 1194(a), 1194.2, IWC Wage Orders and others)**

54.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

- 17 -

55.    Defendants failed to pay reporting time wages.  In particular, Plaintiffs and the Class Members were forced to comply with work schedules that required them to report to work and were furnished with less than half said employees' usual or scheduled day's work.

56.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

57.    The applicable split shift minimum wages fixed by the commission for agricultural workers are found in Wage Orders 8-2001(5)(A) and (B), 13-2001(5)(A) and (B), and 14-2001(5)(A) and (B), which state:

> (A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.
>
> (B) If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

58.    The definition of "shift" is defined in Wage Order 14-2001(2)(O), which states:

> "Shift" means designated hours of work by an employee, with a designated beginning time and quitting time.

59.    The minimum wage provisions of California Labor Code are enforceable by private civil action under California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

- 18 -
CLASS ACTION COMPLAINT

60.    As described, in California Labor Code § 1185 and § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

61.    California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

62.    As such, Plaintiffs, individually and on behalf of the Class, may bring this action for minimum wage and overtime, interest, costs of suit, and attorney's fees under § 1194(a), and Plaintiffs and the Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon under California Labor Code § 1194.2.

63.    A violation of the reporting time provisions constitutes a failure to pay "wages due" and therefore constitutes an AWPA violation under California law.  Further, these reporting time provisions were communicated to employees by posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.

### FOURTH CLAIM OF RELIEF
**Failure to Provide Rest Periods and Meal Periods or Compensation
in Lieu Thereof (California Labor Code, §§ 226.7, 512)**

64.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

65.    Plaintiffs allege that the class members worked for periods of more than five hours without a meal period of 30 minutes and were not provided full statutory ten minute rest periods while in the employ of Defendants.

66.    California Labor Code § 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour

- 19 -

of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

67.    The applicable wage orders issued by the Industrial Welfare Commission state with regard to meal periods:

> Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

A similar provision is contained at California Labor Code § 512.

68.    The applicable Wage Orders state in regard to breaks:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

69.    Therefore, Defendants violated California Labor Code § 226.7 by failing to provide the meal and rest periods mandated by Labor Code § 226.7 and the applicable wage orders, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the rest period is not provided.

70.    On information and belief, Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest and/or meal periods. Any express or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful

adhesion.  On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take meal and rest periods.

71.    By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Class.

72.    As a result of the unlawful acts of Defendants' actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

73.    A violation of the rest and meal period provisions of California law constitutes a failure to pay "wages due" and therefore constitutes a predicate AWPA violation.  Further, these rest and meal period provisions were communicated to employees by posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.

## FIFTH CLAIM OF RELIEF
### Failure to Timely Pay Wages Due At Termination
### (California Labor Code, §§ 201, 202, 203)

74.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

75.    California Labor Code Section 201 states:

(a)    If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

76.    California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

77.    As described above, Defendants failed to timely pay Plaintiffs and the Class all of their wages due for work performed and this failure continued through the time in which

Plaintiffs and Class Members quit or were discharged from their employment with Defendants. As a result, Defendants have violated California Labor Codes §§ 201 and 202.

78.    California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.
>
> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

79.    The statute of limitations for an action for the wages at issue is four years under California Business and Professions Code § 17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due under the timelines provided in those sections.  Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs are entitled to 30 days wages which is calculated under California case law as 30 working days including overtime.

80.    Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, but to date have not received such compensation therefore entitling them to Labor Code § 203 penalties.

81.    More than 30 days have passed since affected Class Members have left Defendants' employ, and on information and belief, have not received payment under Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members who are no longer employed by Defendants are entitled to

- 22 -

30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

82. A failure to pay wages when due under §§ 201-203 is a predicate violation of AWPA failure to pay wages due by definition. Further, the requirement of the timely payment of wages was communicated to employees by the posting of the IWC Wage Orders on the worksite making the above violations a predicate violation of AWPA's "working arrangement" provision.

### SIXTH CLAIM OF RELIEF
**Knowing and Intentional Failure to Comply With Itemized
Employee Wage Statement Provisions
(California Labor Code §§ 226(b), 1174, 1175)**

83. Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

84. California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .

85. Defendants failed to provide "accurate itemized statements" to employees because the wage statements:

(a) Falsely understated Plaintiffs' and the Class Members' gross wages earned by failing to pay for all hours worked;

(b) Falsely understated the total hours worked by Plaintiffs and the Class Members by ignoring the total of hours actually worked;

(c) Falsely understated Plaintiffs' and Class Members' net wages earned by failing to pay for all hours worked; and

(d) Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate."

86. California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
>
> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

87. In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174. Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful under Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

88. By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

89. Many of the above violations also constitute predicate acts for a failure to provide workers with accurate itemized written statements under AWPA. In particular, the failure to provide accurate time and wage records under California Labor Code § 226 also constitutes violations of 29 USC § 1831(c) for failure to provide accurate number of hours worked and

- 24 -
CLASS ACTION COMPLAINT

correct net pay.  Notably, the calculation of net pay and correct number of hours can only be adduced by reference to California law making these claims inextricably intertwined.

### SEVENTH CLAIM OF RELIEF
**Failure to Reimburse Work Expenses**
**(California Labor Code §2802, Wage Orders)**

90.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

91.    Defendants are required to reimburse employees for any expenditure incurred in the discharge of their duties, under Labor Code §2802 and the Wage Orders.

92.    PLAINTIFFS and Class Members were not reimbursed for purchasing tools, equipment or materials used for pre-harvest, harvest or post-harvest work such as clippers, clipper sheaths, protective eyeware, gloves, etc.

93.    The violations of the reimbursement provisions of California law constitute predicate violations of AWPA and are a violation of the working arrangement.

94.    As a result, the Defendants are therefore liable to the Plaintiffs and the Class for expenses, damages, attorney's fees and cost of suit.

### EIGHTH CLAIM OF RELIEF
**Violation of Unfair Competition Law**
**(California Business and Professions Code § 17200 *et seq.*)**

95.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

96.    As described above, Defendants have violated the following California laws:

(a)    violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

(b)    violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

(c)    violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

(d)    violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

1      (e)     violation of California Labor Code § 223 (relating to the failure to pay

2 contractual wages);

3      (f)     violation of California Labor Code § 226 (relating to providing correct

4 wage statements and keeping correct records);

5      (g)     violation of California Labor Code § 226.7 (relating to the failure to

6 ensure proper meal periods and rest breaks);

7      (h)     violation of California Labor Code § 512 (relating to the failure to ensure

8 proper meal periods);

9      (i)     violation of California Labor Code §§ 1182.11, 1197 and the applicable

10 Wage Order (constituting the lawful minimum wage and payment of double minimum wage if

11 employees are required to supply their own tools);

12      (j)     violation of California Labor Code § 2802 (reimbursement for employer-

13 required tools); and

14      (k)     violation of the Agricultural Workers Protection Act.

15     97.     Defendants' activities also constitute unfair business practices in violation of

16 California Business and Professions Code §§ 17200 *et seq.*, because Defendants' practices

17 violate the above noted laws, and/or violate an established public policy and/or the practice is

18 immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, the public,

19 and the Class.

20     98.     Plaintiffs and Class Members are entitled to injunctive and other equitable relief

21 against such unlawful practices in order to prevent future damage, for which there is no adequate

22 remedy at law, and to avoid a multiplicity of lawsuits.

23     99.     As a result of their unlawful acts, Defendants have reaped and continue to reap

24 unfair benefits and unlawful profits at the expense of Plaintiffs, and the Class they seek to

25 represent. Defendants should be enjoined from this activity and made to disgorge these ill-gotten

26 gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld

27 wages under Business and Professions Code § 17203. Plaintiffs are informed and believe, and

28

CLASS ACTION COMPLAINT

1    thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer

2    Defendants' failure to pay legal wages, and/or other compensation for working through meal

3    periods, and compensation for unprovided rest periods to Plaintiffs and members of the Plaintiff

4    Class.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the

5    Plaintiff Class are prejudiced by Defendants' unfair trade practices.

6         100.    As a direct and proximate result of the unfair business practices of Defendants,

7    and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are

8    entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all

9    wages which have been unlawfully withheld from Plaintiffs and Class Members as a result of the

10   business acts and practices described here and enjoining Defendants to cease and desist from

11   engaging in the practices described.

12        101.    The unlawful conduct alleged is continuing, and there is no indication that

13   Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are

14   not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully

15   require Defendants' non-exempt employees to work "off the clock" without compensation, will

16   continue to require non-exempt employees to work during meal periods, will continue to fail to

17   provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail

18   to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

19        102.    Plaintiffs further request that the Court issue a preliminary and permanent

20   injunction prohibiting Defendants from requiring Plaintiffs and the Class they seek to represent

21   to work "off the clock" without compensation, prohibiting other wrongful conduct which is the

22   subject of this Complaint and which may later be discovered in the course of litigation, enjoining

23   Defendants from forbidding employees to leave the workplace during meal periods, and from

24   continuing to fail to provide rest periods and meal periods or provide appropriate compensation

25   in lieu thereof.

26        103.    The predicate act violations which serve as the basis for this UCL claim (rest and

27   meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock")

28

- 27 -
CLASS ACTION COMPLAINT

1  relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the

2  worksite.  As such, these claims also constitute predicate violations of the payment of wages

3  when due and "working arrangement" provisions of AWPA.

4  **PRAYER**

5  WHEREFORE, Plaintiffs pray for judgment as follows:

6  A.    That the Court determine that this action may be maintained as a class action or

7  actions;

8  B.    For compensatory damages in an amount according to proof with interest thereon;

9  C.    For economic and/or special damages in an amount according to proof with

10  interest thereon;

11  D.    For a declaratory judgment that each of the Defendants violated the Plaintiffs' and

12  Class Members' rights under AWPA, 29 U.S.C. § 1801 *et seq*., the California Labor Code, and

13  applicable IWC Wage Orders as set forth in the preceding paragraphs;

14  E.    Award each Plaintiff and proposed Class Member statutory damages or, in the

15  alternative, actual damages for Defendants' violations of AWPA;

16  F.    That each of the Defendants be found to have engaged in unfair competition in

17  violation of California Business and Professions Code § 17200 *et seq*.;

18  G.    That each of the Defendants be ordered and enjoined to make restitution to the

19  Class due to their unfair competition, including disgorgement of their wrongfully-obtained

20  revenues, earnings, profits, compensation, and benefits, under California Business and

21  Professions Code §§ 17203 and 17204;

22  H.    That each of the Defendants be enjoined from continuing the unlawful or unfair

23  competition in violation of § 17200 as alleged;

24  I.    For declaratory relief for Defendants' violation of the California Labor Code,

25  California Business and Professions Code, and the Federal AWPA;

26  J.    That Defendants be enjoined from further acts of restraint of trade or unfair

27  competition;

28

1      K.     For premium wages under Labor Code §§ 226 and 226.7;

2      L.     For unpaid wages under California Labor Code § 1194 and liquidated damages

3 under Labor Code § 1194.2;

4      M.    For an order imposing all statutory and/or civil penalties provided by law,

5 including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7,

6 256, 512, 558, 1174.5, 1194, 1194.2 and 1197.1.

7      N.     An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs,

8 and interest thereon under Code of Civil Procedure § 1021.5, Labor Code §§ 218.6, 226, 1194,

9 2802 and/or other applicable law;

10     O.    For the greater of actual or statutory damages of $500 for each Plaintiff under

11 AWPA;

12     P.     For all relief available under Labor Code 2802, the Wage Orders and AWPA for

13 failure to reimburse expenses.

14     Q.    For actual, incidental, and consequential damages for breach of contract; and

15     R.     For such other and further relief as the Court deems just and proper.

16 **DEMAND FOR JURY TRIAL**

17     Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

18
19 Dated: April 10, 2012

20 Respectfully submitted,

                          s/ Victor Viramontes

21                         Victor Viramontes
                         Martha L. Gomez

22                         MEXICAN AMERICAN LEGAL DEFENSE
                         AND EDUCATIONAL

23                         *Attorneys for Plaintiffs*

24

25

26

27

28

CLASS ACTION COMPLAINT