Victor Viramontes (State Bar No. 214158)
Martha L. Gomez (State Bar No. 274024)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: 213.629.2512
Facsimile: 213.629.0266
Email: vviramontes@maldef.org
        mgomez@maldef.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| MARIA G. MORENO, ESTHER L. LOPEZ, FRANCISCO OROZCO, ABRAHAM ORTIZ, JAVIER GARCIA, FLORENCIA GUTIERREZ, and ISRAEL LOPEZ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC., J.L. PADILLA & SONS LABOR SERVICE, INC., MELBA NUÑEZ CONTRACTING (form unknown), and Does 1-20, inclusive,<br><br>Defendants. | Case No. 1:12-CV-00556-AWI-JLT<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY IN FAVOR OF THE FIRST-FILED ACTION, AND COUNTER MOTION TO CONSOLIDATE**<br><br>Date: July 16, 2012<br>Time: 1:30 p.m.<br>Dept.: Ct. Rm. 2, Eighth Floor<br>Before: Hon. Anthony W. Ishii |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION .................................................................................................................. 1

   A. Plaintiffs' Summary of Argument .................................................................................. 1

   B. Factual Background ........................................................................................................ 1

II. ARGUMENT ......................................................................................................................... 2

   A. Motion to Dismiss Standard ............................................................................................ 2

   B. Argument in Opposition to Defendants' Motion to Dismiss .......................................... 2

      1. Defendants essentially concede that Plaintiffs state claims for which relief may be granted ........................................................................................................ 2

      2. Consolidation is the appropriate remedy for class action involving common questions of facts or law pending before the same court ........................................ 2

      3. Defendants cite to irrelevant caselaw that does not apply here ............................. 4

         a. *The Supreme Court has held that proposed class actions do not blind nonparties* .................................................................................................... 4

         b. *Defendants rely on res judicata principles that only pertain to individual plaintiffs filing duplicative suits* ................................................................ 5

         c. *The Moreno Plaintiffs is pending in the same court as the Soto Action; the first-to-file rule does not apply in this context* .......................................... 5

   C. Motion to Stay Standard .................................................................................................. 7

   D. Defendants' request for stay should be denied because consolidation is the appropriate remedy ........................................................................................................ 7

   E. Motion Consolidate Standard .......................................................................................... 7

   F. Motion to Consolidate Argument .................................................................................... 8

      1. Defendants' motion essentially concedes that there are common questions of law or fact in these actions ..................................................................................... 8

      2. Consolidate the *Moreno* and *Soto* Actions would expedite both cases ................ 8

      3. There is little risk of prejudice and confusion if the cases are consolidated ......... 9

      4. Judicial economy favors consolidation of the *Moreno* and *Soto* Actions ........... 10

III. CONCLUSION .................................................................................................................... 10

PLAINTIFFS' OPPOSITION TO DEFEDNANTS' MX TO DISMISS OR, IN THE ALTERNATIVE, STAY IN FAVOR OF THE FIRST-FILED ACTION, AND COUNTER MX TO CONSOLIDATE - Case No. 1:12-cv-00556-AWI-JLT

i

# TABLE OF AUTHORITIES

Page No.

**CASES**

*Adams v. Cal. Dept. of Health Servs.*,
  487 F.3d 684 (9th Cir. 2007)......................................................................................................5

*Adoma v. University of Phoenix, Inc.*,
  711 F.Supp.2d 1142 (E.D. Cal. 2010).......................................................................................6

*Aerojet-General Corp. v. Askew*,
  511 F.2d 710 (5th Cir. 1975).....................................................................................................5

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991).....................................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................2

*Aronson v. McKesson HBOC, Inc.*,
  79 F.Supp.2d 1146 (N.D. Cal. 1999) ........................................................................................8

*Bay State HMO Mgmt., Inc. v Tingley Sys., Inc.*,
  181 F.3d 174 (1st Cir. 1999) .....................................................................................................4

*Bell Atlantic Corp. v Twombly,*
   550 U.S. 554 (2007).................................................................................................................2

*Bowman v. Legato Systems, Inc.*,
  195 F.R.D. 655 (N.D. Cal. 2000) ..............................................................................................3

*Bridgeford v. Pacific Health Corp.*,
  202 Cal. App. 4th 1034 (2012) .................................................................................................4

*Burnett v. Rowzee*,
  2007 WL 4191991 (C.D. Cal. Nov. 26, 2007)......................................................................8- 9

*Clinton v. Jones*,
   520 U.S. 681(1997)..................................................................................................7

*Cohen IP Law Group, PC v. IAC/InterActiveCorp.*,
   2010 WL 4315286 (C.D. Cal. Oct. 25, 2010)......................................................6

*Consorti v. Armstrong World Indus., Inc.*,
   72 F.3d 1003 (2d Cir. 1995).................................................................................10

*Corsican Productions v. Pitchess*,
   338 F.2d 441(9th Cir. 1964)..................................................................................2

*Dellums v. Smith*,
   577 F. Supp. 1456 (N.D. Cal. 1984) .....................................................................7

*Dupont v. Southern Pac. Co.*,
   366 F.2d 193 (5th Cir. 1966)..................................................................................9

*Fisher v. Rite Aid Corp.*,
   2010 WL 2332101 (D. Md. June 8, 2010) ............................................................6

*Huene v. U.S.*,
   743 F.2d 703 (9th Cir. 1984)..................................................................................8

*In re Cree, Inc., v. Sec. Litig.*,
   219 F.R.D. 369 (M.D. N.C 2003) ..................................................................10-11

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989)..................................................................................8

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)...............................................................................10

*Jones v. Clark*,
   2011 WL 220932(E.D. Cal. Jan. 21, 2011)...........................................................5

*Kansas City Southern R. Co. v. United States,*
   282 U.S. 760 (1931) .................................................................................................. 7

*Landis v. N. Am. Co.,*
   299 U.S. 248 (1936) .................................................................................................. 7

*Law Library Inc. v. Southridge Capital Mgmt., LLC,*
   208 F.R.D 59 (S.D. N.Y. 2002) .............................................................................. 10

*Mann Mfg., Inc. v. Hortex, Inc.,*
   439 F.2d 403 (5th Cir.1971) ..................................................................................... 6

*Oluwa v. Perez,*
   2007 WL 4554283 (E.D. Cal. Dec. 20, 2007) .......................................................... 5

*Perez-Funez v. Dist. Dir., I.N.S.,*
   611 F. Supp. 990 (C.D. Cal. 1984) ........................................................................... 8

*Pinkowitz v. Elan Corp., PLC,*
2002 WL 1822118 (S.D. N.Y. July 29, 2002) ............................................................. 8

*Save Power Ltd. v. Syntek Fin. Corp.*
   121 F.3d 947 (5th Cir. 1997) .................................................................................... 6

*Seguro de Servicio de Salud v. McAuto Sys. Group,*
   878 F.2d 5 (1st Cir. 1989) ......................................................................................... 8

*Single Chip Sys. Corp. v. Intermec IP Corp.,*
   495 F.Supp.2d 1052 (S.D. Cal. 2007) ....................................................................... 5

*Smith v. Bayer Corp,*
   131 S. Ct. 2368 (2011) .............................................................................................. 4

*Surowitz v. Hilton Hotels Corp.*,
   383 U.S. 363 (1966) .................................................................................................. 3

*Takeda v. Turbodyne Technologies, Inc.*,
 67 F.Supp.2d 1129 (C.D. Cal. 1995) .................................................................................. 3, 11

*Tidwell v. Homeland Carriers, Inc.*,
 2010 WL 1294135 (M.D. Ala. Mar. 30, 2010) ........................................................................ 10

*Tiernan v. Westext Transp., Inc.*,
 295 F. Supp. 1251 (D. R.I. 1969) ............................................................................................. 9

*U.S. v. Knauer*,
 149 F.2d 519 (7th Cir. 1945) .................................................................................................. 10

*United States v. Redwood City*,
 640 F.2d 696 (9th Cir. 1990) .................................................................................................... 2

*Usher v. City of Los Angeles*,
 828 F.2d 556 (9th Cir. 1987) .................................................................................................... 2

*Walker v. Deutche Bank, AG*
 2005 WL 2207041 (S.D. N.Y. Sept. 5, 2005) ........................................................................... 3

*Weinstein v. Metlife, Inc.*,
 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ............................................................................ 6

*Weisz v. Calpine Corp*
 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ........................................................................ 3

*Western Reserve Oil & Gas Co. v. New*,
 765 F.2d 1428 (9th Cir.1985), *cert. denied*, 474 U.S. 1056 (1986) .......................................... 2

*Western Sys., Inc. v. Ulloa*,
 958 F.2d 864 (9th Cir. 1992) .................................................................................................... 5

*Worthington v. Bayer Healthcare*,
 LLC, 2012 WL 1079716 (D.N.J. Mar. 30, 2012) ................................................................. 6-7

PLAINTIFFS' OPPOSITION TO DEFEDNANTS' MX TO DISMISS OR, IN THE ALTERNATIVE, STAY IN FAVOR OF THE FIRST-FILED ACTION, AND COUNTER MX TO CONSOLIDATE - Case No. 1:12-cv-00556-AWI-JLT

v

*Yue v. Storage Tech. Corp.,*
 2008 WL 618936, at *5 (N.D. Cal. Mar. 4, 2008) ................................................................... 5

**RULES**

FRCP Rule 42(a) .............................................................................................................. *passim*

FRCP Rule 12(b)(6) ................................................................................................................ 1, 4, 6

**OTHER AUTHORITIES**

5 C. Wright & A. Miller, Federal Practice and Procedures
 357 at 598 (1969) .................................................................................................................... 2

PLAINTIFFS' OPPOSITION TO DEFEDNANTS' MX TO DISMISS OR, IN THE ALTERNATIVE, STAY IN FAVOR OF THE FIRST-FILED ACTION, AND COUNTER MX TO CONSOLIDATE - Case No. 1:12-cv-00556-AWI-JLT

vi

# I. INTRODUCTION

Plaintiffs Maria G. Moreno, Esther L. Lopez, Francisco Orozco, Abraham Ortiz, Javier Garcia, Florence Gutierrez, and Israel Lopez (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this Opposition to Defendants' Motion to Dismiss or, in the Alternative, Stay in Favor of the First-Filed Action ("Plaintiffs' Opposition to Defendants' Motion"). Moreover, Plaintiffs file a Counter Motion to Consolidate. Defendants Castlerock Farming and Transport, Inc. ("Castlerock"), J.L. Padilla & Sons Labor Service Inc. ("J.L. Padilla"), and Melba Nunez Contracting ("Melba Nunez") are collectively referred to as "Defendants."

### A. Plaintiffs' Summary of Argument

The appropriate remedy for multiple class actions arising from the same transaction or occurrence is consolidation. Defendants do not contest and consequently concede that Plaintiffs' Complaint alleges sufficient facts to state a claim for relief that is plausible on its face. Defendants ignore the 12(b)(6) standard regarding motion to dismiss altogether, and instead invoke irrelevant standards. Contrary to Defendants' contention, the Supreme Court has clarified that proposed class actions do not bind proposed class members, particularly when the earlier case has not been certified. Federal courts routinely consolidate class actions, even nearly identical ones, because preclusion principles do not bar the filing of similar class actions as they do individual plaintiffs. Further, Defendants' use of the first-to-file rule is misplaced because it only applies where multiple complaints are filed in distinct federal courts. In contract, Plaintiffs filed a similar complaint within this same federal court, which is properly governed by Rule 42(a) consolidation standards. *See* Rule 42(a) (consolidation is proper where different "actions before the court involve a common question of law or fact."). Defendants rely on irrelevant caselaw to support their motion to dismiss and alternative request to stay, and as such, neither request is justified. Defendants have not met their burden.

The appropriate remedy in this case is consolidation because as Defendants concede, the related *Moreno* and *Soto* actions have common questions of fact and law. Apart from having overlapping factual allegations and legal claims, the cases also involve an overlapping central defendant, Castlerock. The substantial similarities make it likely that discovery will also overlap, thus increasing efficiency. Consolidation is in the court' and the party's interest because it would prevent two certification motions, two trials, and risk of inconsistent rulings. Last, where cases are similar, as in this case, there is little risk of confusion or prejudice.

Thus, Plaintiffs respectfully request this Court to deny Defendants' Motion to Dismiss or Stay, and instead to grant Plaintiffs' Motion to Consolidate these related actions.

### B. Factual Background

Plaintiffs filed their original complaint against Defendants on April 10, 2012.  *See Moreno* Docket ("Doc.") No. 1.  The complaint was filed as a related action to the *Soto* action (Case No. 1:09-cv-00701-AWI-JLT.  On May 29, 2012, the *Moreno* Plaintiffs contacted Defendants and the *Soto* Plaintiffs to meet and confer regarding consolidation of the related actions.  (Gomez Decl. ¶ 3, Exh. A at 3).  On June 4, 2012, the *Moreno* Plaintiffs again reached out to the parties to discuss consolidation.  *Id.* at 2.  On June 5, 2012, Defendants contacted the *Moreno* and *Soto* Plaintiffs to indicate that they filed a motion to dismiss or stay, but did not make themselves available to discuss consolidation.  On June 6, 2012, the *Soto* Plaintiffs noted that they were "interested in meeting with regards to consolidation."  *Id.* at 1.  On or about June 6, 2012, the Moreno and Soto Plaintiffs telephonically met and conferred, and both parties agreed that consolidation was desired.  *Id.*

On June 6, 2012, the *Moreno* Plaintiffs again contacted Defendants to request a meet and confer regarding consolidation.  (Gomez Decl. ¶ 4, Exh. B at 1).  That same day, Defendants responded to say that the "defendants in *Moreno* will not agree to consolidation."  (Gomez Decl. ¶ 7, Exh. D at 1).

## II. ARGUMENT

### A. Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v Twombly,* 550 U.S. 554, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that amount to "more than a sheer possibility that a defendant has acted unlawfully."). "On a motion to dismiss…, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987) (citing *Western Reserve Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied,* 474 U.S. 1056 (1986)).  The Ninth Circuit has held that "it is only the extraordinary case in which dismissal is proper." *United States v. Redwood City*, 640 F.2d 696, 699 (9th Cir. 1990) (citing *Corsican Productions v. Pitchess*, 338 F.2d 441, 442 (9th Cir. 1964); 5 C. Wright & A. Miller, Federal Practice and Procedure s 1357 at 598 (1969)).

1

**B.      Argument in Opposition to Defendants' Motion to Dismiss**

2

**1.      Defendants essentially concede that Plaintiffs state claims for which relief may be granted**

3

Defendants do not dispute that Plaintiffs allege "enough facts to state a claim to relief that is plausible on its face," nor could they, as the complaint provides factual allegations of Defendants' unlawful conduct along with the statutes under which recovery is sought. *See* Plaintiffs' Original Complaint ("Complaint") at 7-9. Defendants' primary objection is that Plaintiffs' complaint is "nearly identical" to an existing *Soto* action, but this is no basis for dismissal. While Plaintiffs dispute that the *Moreno* action is identical to the *Soto* action, Defendants' observation regarding their similarities actually amounts to a concession that Plaintiffs have properly pled a complaint, as the *Soto* action was not dismissed and continues to be litigated. Moreover, related actions often come before the same court and in most cases are consolidated. *See* Federal Rule of Civil Procedure ("FRCP") Rule 42(a) (consolidation is proper where different "actions before the court involve a common question of law or fact"). Dismissal is not the appropriate remedy.

**2.      Consolidation is the appropriate remedy for class actions involving common questions of facts or law pending before the same court**

The appropriate remedy for class actions with common questions of fact or law pending before the same court is consolidation. Federal courts routinely consolidate class actions that are nearly identical, as well as classes that are somewhat distinct, provided that they "involve common questions of law or fact." *See* Rule 42(a). For example, in *Walker v. Deutche Bank, AG*, plaintiffs filed three class actions against "the very same Defendants," and they alleged the same wrongdoing, the same class period, and "the same seven causes of action based on the same federal statutes and on common theories of liability." 2005 WL 2207041, at *3 (S.D. N.Y. Sept. 5, 2005). That court found "that the [three class] actions involve[d] common questions of law and fact and that consolidating them would not prejudice anyone." *Id.* The same result is appropriate here. *Id.*

Courts will also grant consolidation for class actions that satisfy Rule 42(a), even when they are not identical. For instance, in *Weisz v. Calpine Corp.*, the court had "fourteen separate class actions pending," each "asserting substantially the same claim," with "essentially identical [factual allegations] … underlying alleged misconduct," with some overlapping defendants, and with "common questions of law or fact." 2002 WL 32818827, at *1–3 (N.D. Cal. Aug. 19, 2002). The defendants in *Weisz* contended that consolidation was improper because the defendants were

PLAINTIFFS' OPPOSITION TO DEFEDNANTS' MX TO DISMISS OR, IN THE ALTERNATIVE, STAY IN FAVOR OF THE FIRST-FILED ACTION, AND COUNTER MX TO CONSOLIDATE - Case No. 1:12-cv-00556-AWI-JLT

3

not identical. *Id.* at 3. The court was not persuaded, and held that the "distinctions [were] far outweighed by the benefits of consolidation." *Id.*; *see also, Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655, 656 (N.D. Cal. 2000) (court consolidated thirty-one class actions with same defendants, alleging the same violations, arising from same underlying wrongdoing, but with "some factual differences"); *Takeda v. Turbodyne Technologies, Inc.*, 67 F.Supp.2d 1129 (C.D. Cal. 1995) (the court consolidated six related class actions with "nearly identical claims" based on the same underlying misconduct, even though they had distinct class periods and only two overlapping defendants).

Thus, multiples class actions may be consolidated, whether they be identical, nearly identical, or distinct, provided that the "actions before the court involve a common question of law or fact." *See* Rule 42(a). Defendants cannot show that the *Moreno* action should be dismissed merely because it is similar to an ongoing class action. Were the rule as Defendants contend, then every group of class actions that satisfies the standard for consolidation under Rule 42(a) would be dismissed, except for the first filed. The Federal Rules of Civil Procedure did not intend such an absurd result, which would deprive plaintiffs of their day in court. As the United States Supreme Court held, "[i]f rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966) ("The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals…").

### 3. Defendants cite to irrelevant caselaw that does not apply here

Because Defendants cannot show that that dismissal is proper under FRCP 12(b)(6), they ignore the Rule 12(b)(6) standard altogether, and instead cite to standards that are inapplicable here. Defendants' use of the "duplicative" theory and "first-to-file" standards are misplaced.

#### *a.  The Supreme Court has held that proposed class actions do not bind nonparties*

In *Smith v. Bayer Corp.*, the United States Supreme Court held that "[n]either a proposed class action nor a rejected class action may bind nonparties." 131 S. Ct. 2368, 2380 (2011) (reversing dismissal of nearly identical second class action after certification of the first class action was denied). The Court explained that "[t]he great weight of scholarly authority...agrees that an uncertified class action cannot bind proposed class members." *Id.* at 2381 n.11. In this case, the *Soto* action has not been certified as a class action, as it is still within the discovery

phase.  *See* Defendants' Motion at 3 (*Soto* action stayed pending discovery cross-motions).  "[B]ecause there [i]s no class certification, issues decided in the prior [*Soto*] proceeding cannot be binding on absent putative class members."  *Bridgeford v. Pacific Health Corp.*, 202 Cal. App. 4th 1034, 1044 n.6 (2012).  Thus, the *Moreno* Plaintiffs could not possibly be precluded from filing their own class action.

Moreover, *res judicata* principles only apply to some consolidated cases.  While some "separate actions are combined into one action and lose their separate identities," other "separate actions are...tried together [e.g., for convenience,] but each retain its separate character and requires the entry of a separate judgment."  *See e.g.*, *Bay State HMO Mgmt., Inc. v Tingley Sys., Inc.*, 181 F.3d 174, 178 n.3 (1st Cir. 1999) (citations omitted).   Regardless of which approach this Court may take, *res judicata* principles cannot apply to the *Moreno* action because the case has not been consolidated with any other related action and, more importantly, has not been certified.

Assuming that Plaintiffs' motion to consolidate is granted and that the related actions are deemed fully merged, *res judicata* remains irrelevant because the *Soto* action has not been certified as a class and has not yielded any final judgments on the merits.  *Id.* at 182 (when "[t]here [i]s no final judgment on the merits in an earlier action…the application of res judicata in this case [i]s inappropriate.").

### b. *Defendants rely on res judicata principles that only pertain to individual plaintiffs filing duplicative suits*

There is no rule barring plaintiffs from bringing multiple class actions arising from the same transaction or occurrence.  Defendants improperly invent a "duplicative" lawsuit theory, but those cases merely stand for the well-known proposition that an individual cannot file a new lawsuit based on the same facts as a previous lawsuit that had reached judgment on the merits, resting on issue or claim preclusion principles.  Notably, every case that Defendants cite to support dismissal on the basis of their "duplicative" theory addresses individual plaintiffs (including a corporation), and uses preclusion principles that are not applicable to class actions.  *See e.g.*, *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (individual plaintiff's second complaint dismissed due to claim preclusion); *Oluwa v. Perez*, 2007 WL 4554283, at *4 (E.D. Cal. Dec. 20, 2007) (individual plaintiff's second suit dismissed because first suit reached judgment on the merits); *Jones v. Clark*, 2011 WL 220932, at *2–3 (E.D. Cal. Jan. 21, 2011) (individual plaintiff's second complaint dismissed where the court had already

"issued a decision, subject to only the filing of objections...".); *Yue v. Storage Tech. Corp.*, 2008 WL 618936, at *5 (N.D. Cal. Mar. 4, 2008) (individual plaintiff's second complaint dismissed because the first suit reached judgment on the merits); *Western Sys., Inc. v. Ulloa,*, 958 F.2d 864, 871 (9th Cir. 1992) (individual plaintiff's second complaint "barred by res judicata" because the first suit reached judgment on the merits); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 714, 719-720 (5th Cir. 1975) (county "barred by the prior federal court judgment under the principle of res judicata" in a case filed by corporation); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1058, 1065 (S.D. Cal. 2007) (individual plaintiff's second complaint dismissed due to claim preclusion). Defendants' entire legal argument is built on this inapplicable standard. *See* Defendants' Motion at 6. Defendants do not cite to any class actions where courts relied on claim preclusion to prevent a class case from being litigated because they do not exist. Moreover, claim preclusion has no application here because there have been no ruling on the merits in the *Soto* action. To the contrary, federal courts routinely consolidate multiple class actions, even nearly identical ones. It is often these class actions' similarities that make consolidation appropriate.

    **c.**  ***The Moreno action is pending in the same court as the Soto action; the first-to-file rule does not apply in this context***

    Consolidation is proper where different "actions before the court involve a common question of law or fact." *See* Rule 42(a). However, "when a similar complaint has already been filed in *another* federal court[,]" the first-to-file rule "allows a district court to transfer, stay, or dismiss an action." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) (emphasis added); *Adoma v. University of Phoenix, Inc.*, 711 F.Supp.2d 1142, 1146 (E.D. Cal. 2010) (quotations and citations omitted) (emphasis added) ("The first-to-file rule...permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in *another* district."); *See e.g.*, *Worthington v. Bayer Healthcare*, LLC, 2012 WL 1079716, at *3 (D.N.J. Mar. 30, 2012) (citations and quotations omitted) ("the first-filed rule...states that 'in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'").

    In this case, the first-to-file rule is not applicable because the *Moreno* and *Soto* actions are both "pending before the same [federal district] court." *See* Rule 42(a). Plaintiffs even filed their complaint as a related action. *See Moreno* Doc. No. 5. Defendants have no basis for invoking the first-to-file rule, as it is plainly reserved for multi-district filings. To illustrate, one

of the remedies in the first-to-file rule includes "transfer," but such a remedy is nonsensical for actions before the same court. Instead, Rule 42(a) is more appropriate because it deals with "actions pending before the same court." *See e.g., Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971) ("[R]egardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the issues.").

Although the first-to-file rule is inapplicable, Defendants cite to four cases premised on it, and another case that rests on it. *See Adoma,* 711 F.Supp.2d at 1146, 1151 (court applied the first-to-file rule to similar complaint filed in two districts; in applying the rule the court <u>denied</u> the motion to dismiss or stay); *Weinstein v. Metlife, Inc.,* 2006 WL 3201045, at *4–5 (N.D. Cal. Nov. 6, 2006) (court applied the first-to-file on overlapping claim filed in two counties; in applying the rule the court <u>denied</u> defendant's motion to dismiss and granted stay); *Fisher v. Rite Aid Corp.*, 2010 WL 2332101, at *3 (D. Md. June 8, 2010) (court deferred to first-to-file case in another district); *Cohen IP Law Group, PC v. IAC/InterActiveCorp.*, 2010 WL 4315286, at *2 (C.D. Cal. Oct. 25, 2010) (the court's holding cited to *Weinstein*, a first-to-file case, and still dismissal was denied). Notably, Defendants also cite to *Worthington*, where the court did not rule on Defendants' 12(b)(6) motion to dismiss because the first-to-file rule was applicable. *See* 2012 WL 1079716, at *2 n. 2 ("Because the Court finds that the first-filed rule applies, the Court does not reach [Defendant's] additional arguments for dismissal under Rules 12(b)(6)..."). Defendants improperly cite to *Worthington* as if it supports their unfounded request for dismissal under Rule 12(b)(6), but it does no such thing. Not only do Defendants' cite to the wrong standard, that standard does not support dismissal. Regardless, since this case involves two similar cases pending before the same court, Rule 42(a) regarding consolidation governs. Defendants have not presented any relevant case law and have failed to engage the Rule 12(b)(6) standard in its entirety. For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

### C. Motion to Stay Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). "The proponent of the stay bears the burden of establishing the need." *Clinton*, 520 U.S. at 708 (citing *Landis v. N.*

*Am. Co.,* 229 U.S. 248, 255 (1936)). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis,* 299 U.S. at 255.  The Court should weigh the competing interests of the parties. *Id.* at 254–55 (citing *Kansas City Southern R. Co. v. United States,* 282 U.S. 760, 763 (1931)). "Stays are sparingly granted.  They are a disfavored remedy because they interrupt the ordinary process of judicial review…." *Dellums v. Smith*, 577 F. Supp. 1456, 1457 (N.D. Cal. 1984).

### D. Defendants' request for stay should be denied because consolidation is the appropriate remedy

Defendants' motion for stay should be denied because Defendants have not met their "burden of establishing the need" for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co.,* 229 U.S. 248, 255 (1936)).  Again, Defendants' argue for a stay because the *Moreno* complaint seems "duplicative."  However, as previously discussed, similar class action lawsuits are often filed and their similarities are not grounds for dismissal or a stay, but rather support consolidation. *See supra* § II.B.2.  Moreover, Defendants' entire legal standard is derived from three inapplicable cases regarding the first-to-file rule or claim preclusion principles that are inapplicable to this case, as discussed above in *supra* § II.B.3.a. - § II.B.3.c. In particular, Defendants rely on *Weinstein* and *Adoma*, which are only relevant in first-to-file cases, unlike this case. *See* Defendants' Motion at 9.  Also, Defendants rely on *Adams*, a case regarding an individual plaintiff barred from second suit due to claim preclusion.  These standards are simply irrelevant and cannot support Defendants' request to stay in this case. Here, Plaintiffs properly bring a related class action before the same court, and may not be precluded from doing so particularly since the related matter has not been certified. *See supra* § II.B.3.a.

Further, the interests of the parties do not weigh in favor of staying the *Moreno* action. As Defendants concede, the *Soto* action has not reached the class certification stage and is, in fact, stayed pending the resolution of discovery disputes. *See* Defendants' Motion at 3-4. It makes no sense to impose a stay on both cases and delay the *Moreno* case in favor of the *Soto* case. Indeed, it is neither in the Court's nor the parties' interests to have two class certification motions, two trials and the risk of inconsistent rulings. The more reasonable approach is to avoid unnecessary delays and litigation and to concentrate all plaintiffs and defendants into a consolidated class action. The Court should deny Defendants' request that this action be stayed and instead order

the two actions to be consolidated.

### E. Motion Consolidate Standard

Under Rule 42(a), consolidation is proper where different "actions before the court involve common questions of law or fact." Rule 42(a)(2). Moreover, consolidation is proper where the interests of judicial economy outweigh the potential for delay, confusion, and prejudice caused by consolidation. *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984). This Court "has broad discretion under [Rule 42(a)] to consolidate cases," *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989), and, "typically, consolidation is favored." *See Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citation omitted). "The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications." *Burnett v. Rowzee*, 2007 WL 4191991, at *1 (C.D. Cal. Nov. 26, 2007).

### F. Motion to Consolidate Argument

#### 1. Defendants' motion essentially concedes that there are common questions of law or fact in these actions

"The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Burnett*, 2007 WL 4191991, at *2 (citing *Seguro de Servicio de Salud v. McAuto Sys. Group,* 878 F.2d 5, 8 (1st Cir. 1989)). Here, Defendants contend that "both actions involve the same parties, as they are employee class actions filed against Castlerock. Neither the presence of distinct putative class representatives, nor the naming of additional defendants, alters this conclusion." Defendants' Motion at 9. Moreover, Castlerock is a common party in the related action. Therefore, although the *Moreno* action has unique named plaintiffs and adds two new defendants, it is uncontested that the actions involve "a common party." *Burnett*, 2007 WL 4191991, at *2.

Further, the factual allegations regarding Defendants' wrongdoing is substantially similar in both actions. Even Defendants concede that "both actions arise of the same transactional nucleus of facts." Defendants' Motion at 8. *See e.g.*, *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *2 (S.D. N.Y. July 29, 2002) (citing *Aronson v. McKesson HBOC, Inc.*, 79 F.Supp.2d 1146, 1150 (N.D.Cal.1999)) ("[i]t seems obvious that...separate class actions predicated on the same set of [unlawful conduct] by [defendants]…, present common questions of fact."). Moreover, although the *Moreno* Plaintiffs bring one new claim, Defendants' concede that "the causes of action and relief sought" are the same because "every cause of action asserted

PLAINTIFFS' OPPOSITION TO DEFEDNANTS' MX TO DISMISS OR, IN THE ALTERNATIVE, STAY IN FAVOR OF THE FIRST-FILED ACTION, AND COUNTER MX TO CONSOLIDATE - Case No. 1:12-cv-00556-AWI-JLT
9

by [the *Moreno*] plaintiffs is also asserted in the *Soto* action." Defendants' Motion at 6. Thus, Plaintiffs can show that "the two proceedings involve a common party and common issues of fact [and] law." *Burnett*, 2007 WL 4191991 at *2; *see also Tiernan v. Westext Transp., Inc.*, 295 F. Supp. 1251, 1253 (D. R.I. 1969) ("Certainly, where ... there are totally identical facts and legal theories involved in the various actions, consolidation seems appropriate.").

**2.     Consolidating the *Moreno* and *Soto* actions would expedite both cases**

"[W]here there is involved a common question of fact and law as to the liability of the defendant[,]" "[t]rial judges are urged to make good use of Rule (42)a" "in order to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. Southern Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). In their motion, Defendants claim that the *Moreno* action involves the same plaintiffs and defendants as the *Soto* action. *See* Defendant's Motion to Dismiss at 8-9. Although, none of the *Moreno* Plaintiffs are or have been plaintiffs in the *Soto* action, and none of the *Moreno* Plaintiffs have made any motions in the *Soto* action, the claims in both actions overlap, as does the central defendant, Castlerock and the putative class. Moreover, Defendants have taken the exact opposite position in the *Soto* case, arguing that Soto is not entitled to discovery relating to J.L. Padilla and that Soto can only represent a class that is limited in time and scope to his claims. *See* ¶ II.F.2. Clearly, the *Moreno* Plaintiffs can resolve any purported limitations that Soto may have regarding his representation of the class for discovery purposes.

For example, in response to *Soto's* Motion to Compel, Castlerock stated "that it would 'not produce any documents for persons directly employed by Castlerock or employed by any of Castlerocks' contractors or subcontractors other than Golden Grain Farm Labor'" because "[the named plaintiffs] never worked directly for Castlerock and never worked for any FLC other than Golden Grain on Castlerock land." *Id.* at 4 (citing Decl. of James M. Hanlong, Jr. ¶ 2, Ex. A at 5 (*Soto* Doc. No. 40)) (Gomez Decl. ¶ 8 Exh. F). Castlerock also complained that the *Soto* Plaintiffs "purport to represent persons who work for other direct employers," *id.* at 15 n.14, indicating that Castlerock would resist discovery unless the named Plaintiffs worked directly with the named Defendants. At the same time, J.L. Padilla objected that "because [*Soto*] plaintiffs are not representative of any of Padilla & Son's employees, their request to depose Padilla & Son and obtain...documents are both overbroad and not reasonably calculated to lead to the discovery of relevant evidence." J.L. Padilla's Amended MPA ISO Motion to Quash Subpoenas at 10 (*Soto* Doc. No. 37) (Gomez Decl. ¶ 8 Exh. E). Since the filing of the *Moreno*

action, Defendants contend that all the Plaintiffs are the same because they belong to the same class, and all Defendants are the same because both actions allege a joint employer theory. Defendants' concession in the *Moreno* action might lead to resolution of the discovery cross-motions in the *Soto* action, Case No. 09-cv-00701-AWI-JLT (Doc. 28), and also expedite the *Moreno* action as it likely would benefit from that discovery resolution. *See e.g.*, *Internet Law Library Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D 59, 62 (S.D. N.Y. 2002) (noting that since the two actions share issues of law and fact, discovery in the first action should be applicable in the second—favoring consolidation); *Tidwell v. Homeland Carriers, Inc.*, 2010 WL 1294135, at *1 (M.D. Ala. Mar. 30, 2010) (arguing that given the substantial similarity of issues between the two lawsuits, discovery in the first lawsuit would be supplemented by discovery in the second lawsuit). The *Moreno* Plaintiffs' standing would clearly resolve the pending discovery disputes in the *Soto* matter and which would allow the consolidation action to proceed with discovery on an expedited basis.

In sum, avoiding a duplicative discovery process concerning the same facts and issues will save judicial resources. The *Moreno* plaintiffs are not opposed to sharing discovery that has already been produced and to proceed expeditiously with their own discovery aimed at meeting a class certification deadline set for the consolidated case at the earliest practicable time. Given that the *Soto* matter is stayed and protracted discovery motions are pending, the *Moreno* plaintiffs believe that there would be little to no delay if the cases are consolidated and the *Moreno* plaintiffs move forward immediately with the litigation and preparation for class certification.

### 3. There is little risk of prejudice and confusion if the cases are consolidated.

Consolidation is proper where there are no conflicting or confusing issues between the parties. *See e.g.*, *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Courts look to whether consolidation causes such confusion and prejudice that would render the jury incapable of finding the facts. *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1008 (2d Cir. 1995). However, where the matters are "one and the same" and "touch[] each defendant with exactly the same effect," consolidation is proper. *Knauer*, 149 F.2d at 520. As discussed above, the *Moreno* and *Soto* actions involve some of the same parties and the same claims, the same set of facts, and the same class period. Therefore, there is little risk that the parties will be prejudiced or the jury confused by different legal claims or theories. See e.g., *Walker*, 2005 WL 2207041 at *3 (court consolidated three class actions against "the very same Defendants," that alleged the same

wrongdoing, the same class period, and "the same seven causes of action based on the same federal statutes and on common theories of liability[,]" noting that "consolidating them would not prejudice anyone."). Similarly, these two actions should be consolidated.

### 4. Judicial economy favors consolidation of the *Moreno* and *Soto* actions

"In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Consolidation is appropriate where the possible confusion of a consolidated trial is outweighed by the burden on parties, witnesses, and available judicial resources. *Id.* Here, the same witnesses and evidence is likely to be presented in both trials because the parties and claims are the same. In addition, as discussed above, discovery will likely overlap between the two actions because the facts and issues are nearly identical.

Moreover, the consolidation of class actions with substantially similar allegations enhances judicial economy and convenience. *In re Cree, Inc., v. Sec. Litig.*, 219 F.R.D. 369, 370 (M.D. N.C. 2003) (holding that 19 class actions, making substantially similar allegations, should be consolidated in the interests of judicial economy); *Bowman*, 195 F.R.D. at 657 (holding that where various lawsuits are based on the same theory and arising out of the same facts, consolidation will promote judicial efficiency and conservation of resources); *Takeda,* 67 F. Supp. 2d at 1133 (court granted motion to consolidate six class actions—with all claims based on the same set of facts—because of efficiency, and to ease the litigation burden on all parties). Maintaining *Soto* and *Moreno* as separate class actions will likely require similar, if not the same, evidence and witnesses to be presented twice—posing a great burden on the parties and the Court. Further, consolidation will avoid the risk of inconsistent "adjudication of common factual and legal issues and lessen the time and expense required for all parties." *In re Cree, Inc.*, 219 F.R.D. at 370. Therefore, it would be beneficial to the Court to consolidate the actions in the interest of conserving judicial resources.

## III.   CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully requests that this Court consolidate the related actions for all purposes including trial.

/ / /

/ / /

/ / /

Dated:   July 2, 2012					Respectfully submitted,

						/s/ - Martha L. Gomez

						Victor Viramontes
						Martha L. Gomez

						MEXICAN AMERICAN LEGAL DEFENSE
						AND EDUCATIONAL FUND

						*Attorneys for Plaintiffs*