UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. MORENO, et al., </br></br>  Plaintiffs, </br></br>  v. </br></br> CASTLEROCK FARMING AND TRANSPORT, INC., et al., </br></br>  Defendants. | Case No.: 1:12-cv-00556 - AWI - JLT </br></br> ORDER DENYING PLAINTIFFS' MOTION TO AMEND WITHOUT PREJUDICE </br></br> (Doc. 16) |

Plaintiffs Maria Moreno, Esther Lopez, Francisco Orozco, Abraham Ortiz, Florencia Gutierrez, Israel Lopez, and Javier Garcia (collectively, "Plaintiffs") seek leave to file a First Amended Complaint (Doc. 16). Defendants Castlerock Farming and Transport, Inc.; J. L. Padilla & Songs Labor Service, Inc.; and Melba Nunez Contracting (collectively, "Defendants") oppose the motion. For the following reasons, Plaintiffs' motion for leave to file the First Amended Complaint is **DENIED WITHOUT PREJUDICE**.

**I.    Factual and Procedural History**

Plaintiffs initiated this action by filing a complaint against Defendants on April 10, 2012. (Doc. 1). Plaintiffs allege the following: violation of the Agricultural Workers Protection Act (29 U.S.C. § 1801), failure to pay wages, failure to pay reporting time wages, failure to provide rest and meal periods, failure to pay wages of terminated or resigned employees, knowing and intentional

1

failure to comply with itemized employee wage statement provisions, failure to reimburse work expenses, and violation of unfair competition law. *Id.* at 1. Plaintiffs assert "[t]his action is brought on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural employees employed, or formerly employed, by each of the Defendants within the State of California." *Id.* at 8 (emphasis omitted).

On June 5, 2012, Defendants filed a motion to dismiss the complaint, asserting that "this action is duplicative" of *Soto v. Castlerock Farming and Transport*, Case No. 1:09-cv-00701-AWI-JLT, "in which the Court previously refused to permit plaintiffs to amend their complaint to add additional named plaintiffs." (Doc. 8 at 2). Plaintiffs filed their opposition to the motion to dismiss on July 2, 2012, asserting "[t]he appropriate remedy in this case is consolidation because . . . the related *Moreno* and *Soto* actions have common questions of fact and law." (Doc. 10 at 8). Therefore, Plaintiffs requested that the Court consolidate *Moreno* with *Soto*. *Id.* at 19. The Court took the matter under submission on July 12, 2012. (Doc. 12).

On August 6, 2012, Plaintiffs filed the motion to amend the complaint now pending before the Court. (Doc. 16). Specifically, Plaintiffs seek to add a claim under California's Private Attorney General Act ("PAGA") by Florencia Gutierrez. *Id.* at 4. Defendants filed an opposition to the motion on September 10, 2012 (Doc. 20), to which Plaintiffs replied on September 17, 2012 (Doc. 21). The Court heard oral arguments regarding the motion on September 24, 2012.

## II.     Legal Standards for Leave to Amend

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendant filed a motion to dismiss under Rule 12(b) on August 6, 2012. (Doc. 16). Therefore, Plaintiffs require either consent of Defendant or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be

guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.* However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### III.     Discussion and Analysis

#### A.     There is no amendment as a matter of right.

Plaintiffs contend they may amend the complaint "as a matter of right" pursuant to PAGA. (Doc. 16-1 at 5-6) (quoting Cal. Labor Code §§ 2699.3(a)(2)(A)). However, Cal. Labor Code §§ 2699.3(a)(2)(A) "is a procedural provision that directly conflicts with the Federal Rules of Civil Procedure governing amendment." *De Simas v. Big Lots Stores, Inc*, 2007 U.S. Dist. LEXIS 19257, at *11 (N.D. Cal. Mar. 2, 2007). Specifically, as the Court explained previously, the PAGA "is inconsistent with the federal discretionary rule, which permits a uniform and consistent system [for amendments] guided by good cause, delay, prejudice, and other discretionary factors central to the Court's exercise of judgment in its case management authority." *Robert Half International Inc. v. Murray*, 2008 U.S. Dist. LEXIS 93347 (E.D. Cal. June 24, 2008). Consequently, the Federal Rules of Civil Procedure govern, and Plaintiffs may not file an amended complaint "as a matter of right."

#### B.     Amendment would cause undue delay and prejudice.

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Evaluating undue delay, the Court considers whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387. Here, Defendants filed a motion to dismiss on June 5, 2012 and the Court took this matter under submission on July 12, 2012. (Doc. 12) If leave to amend were granted at this juncture, Defendants' motion to dismiss would be rendered moot. Although Plaintiffs urge the Court to apply the motion to dismiss to the proposed First Amended Complaint (Doc. 16-1 at 7), an amended complaint supersedes the original complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Moreover, other changes made in the lodged first amended complaint modify causes of action already stated. Thus, rather than merely adding a new cause of action under PAGA, the amended complaint makes substantive changes elsewhere. Therefore, the Court concludes that granting leave to amend at this juncture would delay resolution of the motion to dismiss, and the motion to consolidate filed by Plaintiffs, and the ultimate decision of the Court as to whether Plaintiffs may proceed in this action.[1] *See Castle v. Knowles*, 2010 U.S. Dist. LEXIS 54860 (E.D. Cal. June 2, 2010) (denying leave to amend, in part, because "Defendants will suffer prejudice from this undue delay, and they will also be prejudiced by having to file yet another round of motions to dismiss"); *Taa v. Chase Home Fin.*, 2011 U.S. Dist. LEXIS 110723, at *2 (N.D. Cal. Sept. 28, 2011) (denying the plaintiff's motion for leave to amend without prejudice where a motion to dismiss was pending because "it appears that granting leave to amend at this time will cause undue delay and undue prejudice to Defendants"). Accordingly, it appears leave to amend would cause undue delay and prejudice to Defendants.

**IV.     Conclusion and Order**

As discussed above, Plaintiffs seek leave to amend the complaint to add a claim for PAGA remedies. However, because the motion to dismiss has been pending before the Court, and was taken

---

[1] Though Plaintiffs contend that they would suffer prejudice if forced to re-file their motion to amend, the current motion is a mere four pages long. Thus, the burden appears minor. Moreover, Plaintiffs ignore that had they filed their amended complaint, rather than filing an opposition to the motion to dismiss, there would never have been a need to file the motion to amend. On the other hand, they contend that they must file their amended complaint within 60 days of the administrative determination of the claim and, therefore, they would be prejudiced if the motion is denied. However, at the hearing, Defendants stipulated that they will not argue a renewed motion to amend on PAGA grounds is untimely, if the renewed motion is filed within a reasonable time of the determination of the motion to dismiss. Plaintiffs accepted this stipulation as does the Court.

under submission two months ago, amendment at this time would cause undue delay and prejudice to Defendants. *See Castle*, 2010 U.S. Dist. LEXIS 54860; *Taa*, 2011 U.S. Dist. LEXIS 110723. Although delay alone is insufficient to prevent the Court from granting leave to amend pleadings, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986), in combination with another factor, delay can be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Moreover, "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. Accordingly, the undue delay and prejudice caused to Defendants are sufficient reasons to deny leave to amend the complaint, which may be requested again after resolution of Defendants' motion to dismiss.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to amend the complaint (Doc. 16) is **DENIED WITHOUT PREJUDICE**.

Plaintiffs may renew their motion to amend within 14 days of the final determination of the motion to dismiss, if it is still pertinent, and if the Court has not otherwise set a deadline for the filing of an amended complaint in conjunction with the motion to dismiss. If the Court does so, that deadline will control.

IT IS SO ORDERED.

Dated:   **September 25, 2012**            **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE

5