UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO G. MORENO, ESTHER L. LOPEZ, FRANCISCO OROZCO, ABRAHAM ORTIZ, JAVIER GARCIA, FLORENCIA GUTIERREZ, and ISRAEL LOPEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASTLEROCK FARMING AND TRANSPORT, INC., J.L. PADILLA & SONS LABOR SERVICE, INC., MELBA NUNEZ CONTRACTING (form unknown), and Does 1 to 20, inclusive,<br><br>Defendants. | CIV-F-12-0556 AWI JLT<br><br>ORDER RE: MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR STAY |

**I. History**

This case arises out of a complex procedural history and is completely intertwined with a related case, Soto v. Castlerock, Civ. Case No. 09-0701. Both cases ("Soto" and "Moreno") are being heard before the undersigned and Magistrate Judge Thurston. In Soto, the only remaining named plaintiff, Silvestre Soto, seeks to represent a class of farmworkers who have worked for Defendant Castlerock Farming and Transport, Inc. ("Castlerock") in the past. Silvestre Soto alleges that Castlerock failed to abide by a number of California regulations concerning uncompensated "off the clock" work, forced purchasing of tools, meal and rest periods, time-keeping documentation, and wage statements.

     Silvestre Soto worked for Castlerock through a farm labor contractor ("FLC") called Golden Grain Farm Labor.  Castlerock asserts that Silvestre Soto can only represent a class consisting of Golden Grain Farm Labor workers employed at Castlerock facilities.  Silvestre Soto asserts that he can represent all workers who have been employed at Castlerock facilities.  This issue and others have been the subject of various pre-class certification discovery disputes.  No class certification motion has yet been made.  In order to avoid this issue, Silvestre Soto made a motion to amend the complaint, seeking to add Javier Garcia as a named plaintiff. Soto, Doc. 54.  Javier Garcia worked directly for Castlerock and through two FLCs, Golden Grain Farm Labor and J.L. Padilla & Sons Labor Service.  Judge Thurston denied the motion to amend, finding prejudice. Soto, Doc. 71.  Silvestre Soto did not seek reconsideration of that denial.

     Subsequent to that ruling, the present case was filed.  Among the named plaintiffs in Moreno ("Moreno Plaintiffs") is Javier Garcia.  The attorneys representing the Moreno Plaintiffs are different than the attorneys representing Silvestre Soto.  However, the legal causes of action in Moreno are almost identical to those of Soto and the substantive factual claims are the same.  The named defendants are Castlerock and two FLCs, J.L. Padilla & Sons Labor Service and Melba Nunez Contracting.  Castlerock has made a motion to have Moreno dismissed, or in the alternative stayed for being duplicative of Soto. Doc. 9.  The Moreno Plaintiffs oppose the motion, proposing instead to consolidate Moreno and Soto. Doc. 10.

## II. Legal Standards

     "District courts retain broad discretion to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, default or dismissal....After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), citations omitted. This discretionary rule also applies to class actions. See Plack v. Cypress Semiconductor, 864 F. Supp. 957, 959 (N.D. Cal. 1994) ("The filing of a successive, identical class action qualifies as abusive

regardless of whether class certification was granted or denied in an earlier case; both scenarios entail unnecessary duplication. A class action identical in scope to an earlier certified class action is unnecessary because the class members' claims are already being litigated in the earlier action"); Tara M. v. City of Philadelphia, 1998 U.S. Dist. LEXIS 12184, *6-8 (E.D. Pa. 1998) (earlier filed class action was certified and both class actions shared a named plaintiff; the later filed suit was dismissed); James v. AT&T Corp., 334 F. Supp. 2d 410, 413 (S.D.N.Y. 2004) (second class action suit almost identical to first class action suit with addition of new defendant is dismissed as duplicative); cf. Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1024-25 (9th Cir. 2011) ( "The district court dismissed the case [Johnson] at the pleading stage on the basis that it was simply duplicative of Mancini and suffered from the same defects. In that the district court erred....Johnson was significantly different from Mancini, and the district court erred in determining that it was not. Thus, we must reverse the dismissal of the complaint based on the determination that it was duplicative").

### III. Discussion

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007). The Moreno Plaintiffs "dispute that the Moreno action is identical to the Soto action" but concede "the factual allegations regarding Defendants' wrongdoing is substantially similar in both actions." Moreno, Doc. 10, Plaintiffs' Opposition, 3:8 and 9:21-23. The key question is whether they cover the same potential class. When analyzing duplicative suits, "In a class action, the classes, and not the class representatives, are compared." Weinstein v. Metlife, Inc., 2006 WL 3201045, *4 (N.D. Cal. 2006), citations omitted. Whether Moreno is duplicative depends upon how the class is defined in Soto.

In Soto, Castlerock argues Silvestre Soto "claim[s] to represent a wage-and-hour class of not just the persons on the plaintiff's crew, and not just persons employed by the same FLC, but instead a class of (i) all of Castlerock's direct employees since 2001 and (ii) all employees of any

other FLC who performed work at a Castlerock ranch or facility since 2001. Plaintiffs' counsel thus seek to certify a radically overbroad class." Soto, Doc. 40, 2:5-9.  In the discovery disputes, Castlerock argues Silvestre Soto is "not entitled to discovery concerning anyone other than Golden Grain employees because they could not be proper class representatives of other workers." Soto, Doc. 64, 7:7-8.  Without deciding the scope of the class, Judge Thurston has found broad discovery covering all Castlerock workers "relevant and discoverable." Soto, Doc. 110, 13:26.  Whether Silvestre Soto can represent all workers of Castlerock or only a subset associated with Golden Grain Farm Labor has not yet been determined.  The question will be answered in the order granting or denying class certification.

If the class in Soto is certified as narrow, then the Moreno Plaintiffs can move forward to represent all other workers at Castlerock facilities.  Indeed, all pre-class certification discovery received by Silvestre Soto could be directly given to the Moreno Plaintiffs to save time and effort in that circumstance.  If the class certified in Soto is wide, then Moreno would probably be considered duplicative and subject to dismissal.  If class certification is denied for some other reason not having to do with Silvestre Soto's status, then Moreno may or may not be able to proceed depending upon the specific circumstance. But see Smith v. Bayer Corp., 131 S. Ct. 2368, 2380 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties").  This is a determination that can not yet be made.  A stay in Moreno pending class certification in Soto would appear to be the equitable solution.

The other potential course of action is to consolidate the two cases as the Moreno Plaintiffs wish.  Silvestre Soto has consented to this proposal. Moreno, Doc. 10, Part 1, Martha Gomez Declaration, 2:19-24.  Castlerock does not consent.  In the circumstances, consolidation of the two cases would act as a collateral method to overturn Judge Thurston's order in Soto denying leave to amend.  The court will not allow that order to be circumvented by other means. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) ("Adams filed her present complaint in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint....the district court did not abuse its discretion in dismissing Adams's later-filed complaint with

prejudice"); <u>Stearns v. Ticketmaster Corp.</u>, 655 F.3d 1013, 102 (9th Cir. 2011) (in reversing dismissal, the Ninth Circuit noted "this was not a case where a plaintiff was, in effect, attempting to avoid an unfavorable prior ruling in one case by filing essentially the same claims in a new case"). The two cases should proceed separately. Nevertheless, it may very well be easier for all parties if they were consolidated. Should Castlerock (and other defendants in Moreno) consent to consolidation, the court will not stand in the way.

## IV. Order

Defendants' motion to dismiss, or in the alternative for stay, is GRANTED. This case is STAYED pending resolution of a class action motion in Soto v. Castlerock, Civ. Case No. 09-0701. Plaintiffs are directed to file a status update every six (6) months. Should Plaintiffs wish to argue that some subset of this case is not duplicative of Soto and should proceed in the interim, they are granted leave to make a motion to lift the stay on that basis.

IT IS SO ORDERED.

Dated:   March 29, 2013

_____
SENIOR DISTRICT JUDGE