1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MARIA G. MORENO, *et al*. | Case No. 1:12-cv-00556-JLT-CDB |
| 12           Plaintiffs, | ORDER DENYING EX PARTE APPLICATION FOR EXTENSION OF TIME |
| 13        v. | (Doc. 149) |
| 14  CASTLEROCK FARMING AND TRANSPORT, INC. *et al*. | |
| 15           Defendants. | <u>One-day Deadline</u> |
| 16 | |

17

## **Background**

On April 10, 2012, Plaintiffs Maria G. Moreno, Esther L. Lopez, Francisco Orozco, Abraham Ortiz, Javier Garcia ("Mr. Garcia"), Florencia Gutierrez ("Ms. Gutierrez"), and Israel Lopez initiated this action with the filing of a complaint against Defendants Castlerock Farming and Transport, Inc. ("Castlerock"), J.L. Padilla & Sons Labor Service, Inc. ("Padilla"), and Melba Nunez Contracting. (Doc. 1).  On July 14, 2014, Plaintiffs filed a first amended complaint and added Defendant Albert L. Good ("Good") to this action.  (Doc. 45).  In 2014, Defendants filed motions to dismiss Plaintiffs first amended complaints.  (Docs. 54, 63).

On April 5, 2021, Ms. Gutierrez passed away.  (Docs. 105; 120-3 at ¶ 3).  On March 28, 2022, the Court granted in part and denied in part Defendants' motions to dismiss.  (Doc. 80).  Thereafter, Defendants filed answers to Plaintiff's first amended complaint.  (Docs. 83, 87 91).  On April 12,

1

2022, in light of "the current status of [the] case," the Court set a scheduling conference and ordered the parties to provide a joint scheduling report. (Doc. 84). On May 5, 2022, the parties filed a joint scheduling report. (Doc. 90). The scheduling report was filed on behalf of all named parties despite Ms. Gutierrez having passed away on April 5, 2021. *Id.* at 1. The scheduling report indicated Plaintiff did "not currently contemplate adding additional parties" and did "not anticipate any further amendments of their pleadings." *Id.* at 9. Further, Castlerock indicated it "would want to depose the plaintiffs, to ascertain their individual claims and evidence concerning the alleged joint employment." *Id.* at 10.

At the scheduling conference conducted on May 5, 2022, the parties agreed to delay scheduling of the case in the interest of undertaking certain identified discovery, including discovery related to Defendants' anticipated joint employer motion for summary judgment. (Docs. 92, 93).

On July 7, 2022, the Court convened for a status conference to address class certification discovery and briefing schedules for the following motions: (1) Plaintiffs' class certification motion; (2) Castlerock's joint employer summary judgment motion; and (3) Good's safe harbor summary judgment motion. (Doc. 98). The Court set deadlines for Castlerock and Good's summary judgment motions and noted "Defendants anticipate completing depositions of the named plaintiffs in advance of filing any summary judgment motion. Plaintiffs will be permitted to conduct necessary depositions prior to filing any opposition to the motions for summary judgment." *Id.*

On December 14, 2022, the parties filed a stipulated request for order regarding the summary judgment briefing schedule. (Doc. 102). The parties requested an extension of Castlerock's joint employer summary judgment motion deadlines to facilitate completion of Plaintiffs' depositions. *Id.* On December 16, 2022, the Court granted the parties' stipulation for an extension of Castlerock's joint employer summary judgment motion briefing schedule. (Doc. 103).

In February 2023, Plaintiffs' counsel informed Defendants' counsel that Ms. Gutierrez had passed away. (Doc. 151-1 at ¶ 3). Plaintiffs' counsel had only learned of Ms. Gutierrez's April 5, 2021, death in January 2023. (Docs. 114 at 3; 151-1 at ¶ 3). On March 2, 2023, Defendants filed a statement noting death of Ms. Gutierrez. (Doc. 105). Separately, in May 2023, the parties reported to the Court that Mr. Garcia had worked entirely outside the limitations period of this action. (Docs. 112

at 2; 114 at 2).  Thereafter, Plaintiffs filed a stipulation of voluntary dismissal with prejudice as to Mr. Garcia.  (Doc. 118).

On May 18, 2023, the Court ordered "Counsel for Plaintiffs shall make any Plaintiff properly substituted for deceased Plaintiff Florencia Gutierrez (see Doc. 105 & Fed. R. Civ. P. 25(a)) available for noticed deposition no later than July 14, 2023."  (Doc. 116).  On June 21, 2023, Defendants filed a motion to dismiss Ms. Gutierrez pursuant to Federal Rule of Civil Procedure 25(a).  (Doc. 120).  On July 5, 2023, Plaintiffs filed an unopposed motion for a 14-day extension of time to respond to Defendants' motion to dismiss Ms. Gutierrez.  (Doc. 125).  That same day, the Court granted Plaintiffs' request.  (Doc. 126).  On July 18, 2023, the parties filed a joint request for a status conference.  (Doc. 129).  In their filing, Plaintiffs noted they conducted a search for an additional named plaintiff from the proposed putative Padilla class action but required additional time.  *Id.* at 2.  Plaintiffs noted they had been unable to contact anyone from Ms. Gutierrez's estate.  *Id.*  In light of Plaintiffs' failure to meet the Court's deadline to produce a substituted Plaintiff for deposition, Defendants proposed "to pivot to summary judgment of a different legal issue that would [] advance the case" relating to this Court's decision in *Fowler Packing Co., Inc. v. Lanier*, 647 F. Supp. 3d 851 (E.D. Cal. 2023).  *Id.* at 3-4.

On July 19, 2023, the Court ordered that "Plaintiffs [shall] move to substitute plaintiff for Florencia Guiterrez and produce that person for deposition no later than September 1, 2023" and "[i]f the parties cannot agree on the implication of *Fowler Packing* on this litigation, the defense [shall] file its motion for summary judgment no later than September 28, 2023."  (Doc. 130).  Plaintiffs made no filing before that deadline to request an extension or seek any related relief.  *See generally* (Doc.).  On September 28, 2023, Defendants filed a motion for summary judgment in compliance with the Court's order.  (Doc. 131).

On February 9, 2024, the Honorable District Judge Jennifer L. Thurston issued an order granting Defendants' motion to dismiss Ms. Gutierrez.  (Doc. 139).  On April 16, 2024, Defendants filed a motion for summary adjudication on Padilla's joint employment claims.  (Doc. 140).  Defendants argue no remaining named plaintiffs could maintain a claim against Padilla or a joint employment claim against Padilla and Castlerock Defendants.  *Id.* at 4.

3

On April 25, 2024, Plaintiffs filed a stipulated motion for administrative relief in the form of an extension of Plaintiff's deadline to file an opposition to Defendants' motion for summary adjudication. (Doc. 142).  The stipulated motion reported, "[t]he parties are currently discussing potential settlement of all claims—including those at issue in Defendants' motion." *Id*. at 1.  The parties represented that the requested extension was solely for the purpose of facilitating settlement discussions – not for any other purpose, including to facilitate Plaintiffs' search for candidates to substitute into the action or for Plaintiffs' preparation of a motion to amend the complaint.  On April 29, 2024, the Court granted the request and ordered Plaintiffs to file an opposition or statement of non-opposition to the motion for summary adjudication be filed by June 11, 2024.  (Doc. 143).

Instead of filing an opposition, on the day before it was due (June 10, 2024), Plaintiffs filed a motion for leave to file a second amended complaint and the instant ex parte *application* for an extension of time to respond to Defendants' motion for summary adjudication.  (Docs. 148-49).  Plaintiffs' counsel represents that proposed plaintiffs that fall within the proposed putative class contacted the Mallison & Martinez law firm after Defendants filed their motion for summary adjudication.  (Doc. 148-1 at ¶¶ 3-4).  Plaintiffs' counsel contends "[w]hen the settlement discussions stalled, Plaintiffs' counsel sought to amend their complaint to add the Proposed Plaintiffs once it was determined that the Proposed Plaintiffs could step in as class representatives for the Padilla joint employment class." *Id*. at ¶ 4.

Plaintiffs assert their ex parte "request is necessarily made on an ex parte basis because the opposition to Defendants' motion for summary adjudication is currently due by June 11, 2024."  (Doc. 149 at 3).  Plaintiffs claim they "attempted in good faith [to] reach an agreement with Defendants on a stipulated motion for the extension." *Id*.  Plaintiffs allege "Defendants refused because they claimed it was too late to 'adequately analyze the necessary issues' despite the straightforward nature of the amendment and its direct impact on the pending motion." *Id*.  Further, Plaintiffs contend granting the ex parte application will save the Court and the parties time and resources because if the Court grants Plaintiffs' motion for leave to file a second amended complaint, Defendants' motion for summary adjudication will become moot. *Id*. at 3-4.

On June 11, 2024, Defendants filed a notice of their intent to file an opposition to Plaintiffs' ex parte application. (Doc. 150). Later that day, Defendants filed their opposition. (Doc. 151). Defendants argue "this case has seen consistent delay and, frankly abusive tactics by Plaintiffs and their counsel." *Id*. at 5. Defendants' counsel, referring to the Court's deadlines imposed for Plaintiffs to present proposed substitutionary Plaintiffs for deposition, argues Plaintiffs did not take action to advance the case. (Doc. 151-1 at ¶¶ 4-6). Defendants' counsel contends Defendants agreed to extend Plaintiffs' opposition deadline for the summary judgment motion "ostensibly so that the parties could discuss settlement." *Id*. at ¶ 7. Defendants' counsel claims there was "no meaningful settlement discussion … Plaintiffs never made a settlement offer … refused to participate in mediation… [and] cut off the discussions by email on May 28, 2024." *Id*. at ¶ 8.

Further, Defendants' counsel attests Plaintiffs' counsel contacted him the afternoon of June 7, 2024 (two business days prior to the deadline to oppose the pending summary judgment motion). *Id*. at ¶ 10. Defendants' counsel represents there was not adequate time to analyze Plaintiffs' claim that their motion to amend would moot the summary adjudication motion given that the request had been "made at 2:50 p.m. on a Friday ahead of a filing deadline the next Tuesday." *Id*.

**Discussion**

As a threshold matter, the Undersigned notes Plaintiffs' request for *ex parte* relief is procedurally improper as it is not in compliance with the Local Rule or with the assigned district judge's standing order entered June 29, 2023, for ex parte application. (Doc. 122 at 3). Moreover, in light of the procedural history and the parties' pleadings and representations, the Undersigned finds Plaintiffs' ex parte application is unwarranted and an abuse of the remedy. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (ex parte motions "are rarely justified"); *Beard v. Cnty. Of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2022 WL 12073987, at *3-5 (E.D. Cal. Oct. 20, 2022) (discussing the purpose of ex parte motions, when they are justified when they are not, and how to properly file one).

Here, Plaintiffs insist *ex parte* relief is necessary because Defendants unreasonable refusal to stipulate to an extension. (Doc. 149 at 3). However, the pleadings reflect Plaintiffs did not seek an extension of their deadline to oppose Defendants' pending motions when settlement discussions

1  ended, but rather, notified Defendants of their motion to amend on a Friday afternoon, two days before

2  the filing deadline.  In the light of this timing, Defendants' assertion they had not been provided

3  enough time to "adequately analyze the necessary issues" appears perfectly reasonable.  (Doc. 149 at

4  3).

5       Even crediting Plaintiffs' assertion that the proposed amendment[s] are "straightforward" (*id.*),

6  Plaintiffs unreasonably delayed until the eleventh hour to seek an extension.  "Ex parte applications

7  are a form of emergency relief that will only be granted upon an adequate showing of good cause or

8  irreparable injury to the party seeking relief."  *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, No.

9  1:15–cv–01489–AWI–MJS, 2018 WL 1243437, at *2 (E.D. Cal. Mar. 9, 2018) (quotation and citation

10  omitted).  "An ex parte application seeks to bypass the regular noticed motion procedure;

11  consequently, the party requesting ex parte relief must establish a basis for giving the application

12  preference."  *Id.*  Here, Plaintiffs fail to demonstrate either irreparable injury or a reasonable basis for

13  demanding that the Court except their application from the normal motion scheduling rules – indeed,

14  Plaintiffs' proffer reflects they largely are responsible for the circumstances prompting them to seek

15  emergency relief.  *See Erichsen v. Cnty. of Orange*, 677 Fed. App'x 379, 380 (9th Cir. 2017)

16  (affirming determination that moving parties failed to meet the "threshold requirement" for ex parte

17  relief because they did not establish they were without fault in creating the crisis that required such

18  relief).

19       Likewise, Plaintiffs' request does not demonstrate good cause.  "The district court is given

20  broad discretion in supervising the pretrial phase of litigation."  *Johnson v. Mammoth Recreations*,

21  Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b)

22  provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed.

23  R. Civ. P. 16(b)(4).  "The schedule may be modified if it cannot reasonably be met despite the

24  diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d

25  1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).  Again, Plaintiffs had the opportunity

26  to seek an extension well before the deadline.  *See* (Doc. 148-1 at ¶ 4).

27       Plaintiffs represent that granting the ex parte application will save the Court and the parties

28  time and resources and that "[i]f the Court grants Plaintiffs' motion for leave to file a second amended

complaint, Defendants' motion for summary adjudication will become moot." (Doc. 149 at 3). That may be true – but the Court presently does not have sufficient information before it to assess the likelihood of that proposition and, in all events, conservation of party and court resources is just one of many equities the Court must consider in adjudicating Plaintiffs' request for ex parte relief. Among other things, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. Accord, *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders").

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's ex parte application for extension of time (Doc. 149) is DENIED; and

2. In the interest of justice, the Court extends *nunc pro tunc* the deadline by which Plaintiffs' shall file an opposition or statement of non-opposition to Defendants' motion for summary judgment (Doc. 140) from June 11, 2024, to June 14, 2024. *See* (Doc. 143).

IT IS SO ORDERED.

Dated:   **June 13, 2024**

UNITED STATES MAGISTRATE JUDGE