UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. MORENO, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CASTLEROCK FARMING AND TRANSPORT INC., *et al*.<br><br>Defendants. | Case No. 1:12-cv-00556-JLT-CDB<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. 148)<br><br>**14-day Deadline** |

Pending before the Court is Plaintiffs Maria G. Moreno, Esther Lopez, Francisco Orozco, and Israel Lopez ("Plaintiffs") motion for leave to file a second amended complaint (Doc. 148), the responses of Defendants Castlerock Farming and Transport, Inc. ("Castlerock"), Albert L. Good's, and Padilla & Sons Labor Service, Inc. ("Padilla") (Docs. 160, 162), and Plaintiff's reply (Doc. 163). For the reasons explained herein, Plaintiffs' motion to file a second amended complaint shall be granted.

**Background**

On November 9, 2005, a wage-and-hour putative class action was initiated against Defendant Castlerock and several other table grape growers. (*Doe, et al. v. D.M. Camp & Sons, et al.*, No. 1:05-cv-01417-AWI-SMS, Doc. 2). On March 31, 2009, the Court broke that case up into individual actions against the various growers. (*Doe, et al.*, Docs. 237-42). In response,

1  Silvestre Soto and Olga Galvan filed a wage-and hour putative class action against Defendant
2  Castlerock. (*Soto, et al. v. Castlerock Farming, et al.*, No. 1:09-cv-00701-AWI-JLT, Doc. 1).
3  Initially, the *Soto* plaintiffs sought to represent a class comprising of "All persons who are
4  employed or have been employed or jointly employed be Castlerock in the State of California,
5  who within four (4) years of the filing of the [c]omplaint in this case, have worked as non-exempt
6  hourly and/or piece-rate employees." *Id*. at ¶ 22. On July 6, 2011, the *Soto* plaintiffs filed a
7  motion for leave to amend their complaint. (*Soto*, Doc. 54). The *Soto* plaintiffs sought to add an
8  additional class representative, Javier Garcia ("Garcia"). *Id*. at 2. The *Soto* plaintiffs asserted:

> "Garcia is currently a member of the proposed class and worked directly for Castlerock. Garcia was also directly or jointly employed by Castlerock and at least two farm labor contractors ("FLCs") during the class period, Golden Gran and [Padilla]. Plaintiffs seek leave of court to amend the Complaint to add Garcia to address Defendant's concern that the current named Plaintiffs cannot represent a class of workers employed directly by Castlerock or jointly by Castlerock and an FLC other than Golden Grain, as Plaintiffs employment at Castlerock was through Golden Grain and the practices purportedly varied by FLC."

*Id*. On August 9, 2011, the Court denied the *Soto* plaintiffs' motion for leave to amend. (*Soto*, Doc. 71). The Court found the *Soto* plaintiffs had filed five pleadings since the initiation of litigation in 2005, engaged in undue delay, and that amendment would cause undue prejudice to the *Soto* defendants. *Id*.

On April 10, 2012, Plaintiffs, Garcia, Abraham Ortiz ("Ortiz"), and Florencia Gutierrez ("Gutierrez") initiated this wage-and hour putative class action with the filing of a complaint against Defendants Castlerock, Padilla, and Melba Nunez Contracting ("Melba"). (Doc. 1). That same day, the Court set an initial scheduling conference for July 25, 2012. (Doc. 4).

On June 5, 2012, Defendants Castlerock, Padilla, and Melba filed a motion to dismiss, or in the alternative to stay, asserting that "this action is duplicative" of *Soto*, "in which the Court previously refused to permit plaintiffs to amend their complaint to add additional named plaintiffs." (Doc. 8. at 2). Plaintiffs, Garcia, Ortiz, and Gutierrez filed an opposition on July 2, 2012, in which they asserted "[t]he appropriate remedy in this case is consolidation because…the related *Moreno* and *Soto* actions have common questions of fact and law." (Doc. 10 at 8).

1    Plaintiffs, Garcia, Ortiz, and Gutierrez also filed a "counter motion" requesting that the Court
2    consolidate *Moreno* and *Soto*. *Id*. at 19.  In response to the pleadings, the scheduling conference
3    was continued until the parties' motions were resolved.  (Docs. 7, 15, 25-28).

4          On March 29, 2013, the Court issued an order granting Defendants Castlerock, Padilla,
5    and Melba's motion to stay as an alternative to dismissal.  (Doc. 29).  The Court found a
6    determination whether *Moreno* was duplicative of *Soto* could "not yet be made" and a stay
7    "would appear to be the equitable solution." *Id*. at 4.  The Court found consolidation of the two
8    cases would act as a collateral method to overturn the Court's order in *Soto* denying leave to
9    amend.  *Id*.  The Court noted it would "not allow that order to be circumvented by other means."
10   *Id*. (citation omitted).

11         On January 16, 2014, the Court issued an order denying a motion for class certification in
12   *Soto*.  (*Soto*, Doc. 173).  In light of the resolution of the motion for class certification in *Soto*,
13   Plaintiffs, Garcia, Ortiz, and Gutierrez filed a motion to lift the stay on March 27, 2014.  (Doc.
14   31), which the Court granted on May 6, 2014.  (Doc. 36).

15         In advance of a scheduling conference, on June 10, 2014, the parties filed a joint status
16   report.  (Doc. 39).  Plaintiffs, Garcia, Ortiz, and Gutierrez noted they intended to file a motion to
17   amend their complaint and proposed a discovery and trial schedule.  *Id*. at 2, 5, 7.  In contrast,
18   Defendants Castlerock, Padilla, and Melba asked the Court to set a briefing schedule for motions
19   for summary adjudication and summary judgment.  *Id*.  On June 17, 2014, the Court held a status
20   conference in light of the parties' joint status report.  (Docs. 40, 67).  The Court did not schedule
21   the case, finding "it'd make most sense to proceed as the defendants have suggested, to settle the
22   pleadings and to get to summary adjudication or summary judgment based upon the nature of the
23   pleadings."  (Doc. 67 at 4-5, 11).

24         On July 11, 2014, the Court granted the parties' stipulated request to permit the filing of a
25   first amended complaint.  (Docs. 43, 44).  On July 14, 2014, Plaintiffs, Garcia, Ortiz, and
26   Gutierrez filed a first amended complaint adding Defendant Albert L. Good ("Good") to this
27   action and claims under California's Private Attorney General Act ("PAGA").  (Doc. 45).  On
28   September 29, 2014, Defendants Castlerock and Good filed a motion to dismiss the first amended

complaint, joined by Defendants Melba and Padilla.  (Docs. 54-55, 62, 64).  Additionally, Defendant Padilla filed a separate motion to dismiss Plaintiffs' PAGA claims.  (Doc. 63).  The motions were fully briefed in December 2014.  (Docs. 65-66, 68-71).

On April 5, 2021, Gutierrez passed away.  (Docs. 105; 120-3 at ¶ 3).  On March 28, 2022, the Court granted in part and denied in part Defendants' motions to dismiss.  (Doc. 80).  Plaintiffs' counsel Ernest I. Herrera ("Herrera"), an attorney at the Mexican American Legal Defense and Educational Fund ("MALDEF"), declared "[i]mmediately following the Court's order…Plaintiffs' counsel began to attempt to contact all Plaintiffs regarding the status of the case." (Doc. 154 at ¶ 3).  Thereafter, Defendants filed answers to Plaintiff's first amended complaint.  (Docs. 83, 87, 91).

On April 12, 2022, the Court set a scheduling conference for May 12, 2022, and ordered the parties to file a joint scheduling report one week prior to the conference.  (Doc. 84).  On May 5, 2022, the parties filed a joint scheduling report in response to the Court's April 12, 2022, order.  (Doc. 90).  In the report, Plaintiffs did "not currently contemplate adding additional parties" and did "not anticipate any further amendments of their pleadings." *Id*. at 9.  Further, Defendant Castlerock indicated it "would want to depose the plaintiffs, to ascertain their individual claims and evidence concerning the alleged joint employment." *Id*. at 10.

At the scheduling conference conducted on May 12, 2022, the parties agreed to delay the scheduling of the case in the interest of undertaking certain identified discovery, including discovery related to Defendant Castlerock's anticipated joint employer motion for summary judgment.  (Docs. 92, 93).

On July 7, 2022, the Court convened for a status conference to address class certification discovery and briefing schedules for the following motions: (1) Plaintiffs' class certification motion; (2) Castlerock's joint employer summary judgment motion; and (3) Good's safe harbor summary judgment motion.  (Doc. 98).  The Court set deadlines for Castlerock and Good's summary judgment motions and noted "Defendants anticipate completing depositions of the named plaintiffs in advance of filing any summary judgment motion. Plaintiffs will be permitted

4

1 to conduct necessary depositions prior to filing any opposition to the motions for summary
2 judgment." *Id*.

3 Following the July 7, 2022, conference, Counsel for Defendants Castlerock and Good
4 (James M. Hanlon, Jr. ["Hanlon"]) asserts he asked Plaintiffs' counsel for dates to depose the
5 named Plaintiffs. (Doc. 160-1 at ¶ 2). Counsel Hanlon represents "[d]espite [his] office's
6 repeated efforts and inquires to schedule these depositions, no plaintiff appeared for a deposition
7 in 2022." *Id*. Counsel Herrera represents that "[b]y August of 2022, Plaintiffs' counsel had been
8 unable to contact several of the Plaintiffs by telephone" and "sent an update letter by mail to all
9 Plaintiffs[.]" (Doc. 154-3 at ¶ 2).

10 On December 14, 2022, the parties filed a stipulated request for an order regarding the
11 summary judgment briefing schedule. (Doc. 102). The parties requested an extension of
12 Castlerock's joint employer summary judgment motion deadlines to facilitate the completion of
13 Plaintiffs' depositions. *Id*. The Court extended Castlerock's joint employer summary judgment
14 motion briefing schedule on December 16, 2022. (Doc. 103).

15 In January 2023, after multiple attempts to contact Gutierrez and three other Plaintiffs,
16 Counsel Herrera asserts he "instructed our staff to employ an investigator on January 24, 2023, to
17 find the current residence of and contact information for these Plaintiffs." (Doc. 154-3 at ¶ 4).
18 The following day, Counsel Herrera learned from the investigator that Gutierrez had passed away.
19 *Id*. Counsel Herrera informed Counsel Hanlon of Gutierrez's passing on February 1, 2023. *Id*.
20 On March 2, 2023, Defendants filed a statement noting the death of Gutierrez. (Doc. 105). In
21 late-March 2023, MALDEF contacted the Law Offices of Mallison & Martinez ("Mallison &
22 Martinez") to ask if they knew of any potential Padilla class members. (Doc. 154-3 at ¶ 8).

23 In May 2023, the parties reported to the Court that Garcia had worked entirely outside the
24 limitations period of this action and that Ortiz would be dismissed as a lead plaintiff. (Docs. 112
25 at 2-3; 114 at 2-3). Plaintiffs noted they needed time to identify a substitute Plaintiff or Plaintiffs
26 for the Padilla class. (Doc. 114 at 3). At a status conference on May 18, 2023, the Court ordered
27 the parties to file stipulated dismissals as to Ortiz and Garcia and for Defendants to file any joint
28 employer summary judgment motion no later than July 28, 2023. (Docs. 115, 116). Further, the

1  Court ordered Counsel for Plaintiffs to make any Plaintiff properly substituted for Gutierrez
2  available for noticed depositions no later than July 14, 2023.  *Id*.  On May 24, 2023, Plaintiffs
3  filed a stipulation of voluntary dismissal with prejudice as to Garcia and a stipulation of voluntary
4  dismissal without prejudice as to Ortiz.  (Docs. 117-18).
5  　　　　On June 21, 2023, Defendants Castlerock and Good filed a motion to dismiss Gutierrez
6  pursuant to Federal Rule of Civil Procedure 25(a).  (Doc. 120).  On July 5, 2023, the Court
7  granted Plaintiffs' unopposed motion for a 14-day extension of time to respond to Defendant's
8  motion.  (Docs. 125, 126).  On July 18, 2023, the parties filed a joint request for a status
9  conference.  (Doc. 129).  In their filing, Plaintiffs noted they conducted a search for an additional
10 named plaintiff from the proposed putative Padilla class action but required additional time.  *Id*. at
11 2.  Plaintiffs asserted they had been unable to contact anyone from Gutierrez's estate.  *Id*.  In light
12 of Plaintiffs' failure to meet the Court's deadline to produce a substituted Plaintiff for deposition,
13 Defendants proposed "to pivot to summary judgment of a different legal issue that would []
14 advance the case" relating to this Court's decision in *Fowler Packing Co., Inc. v. Lanier*, 647 F.
15 Supp. 3d 851 (E.D. Cal. 2023).  *Id*. at 3-4.
16 　　　　On July 19, 2023, the Court ordered that "Plaintiffs [shall] move to substitute plaintiff for
17 Florencia Gutierrez and produce that person for deposition no later than September 1, 2023" and
18 "[i]f the parties cannot agree on the implication of *Fowler Packing* on this litigation, the defense
19 [shall] file its motion for summary judgment no later than September 28, 2023."  (Doc. 130).
20 Plaintiffs made no filing before that deadline to request an extension or seek any related relief.
21 On September 28, 2023, Defendants filed a motion for summary judgment in compliance with the
22 Court's order.  (Doc. 131).
23 　　　　On February 9, 2024, the Court issued an order granting Defendants Castlerock and
24 Good's motion to dismiss Gutierrez. (Doc. 139).  On April 16, 2024, Defendants Castlerock and
25 Good filed a motion for summary adjudication on Padilla's joint employment claims.  (Doc. 140).
26 Defendants Castlerock and Good argued no remaining named plaintiffs could maintain a claim
27 against Padilla or a joint employment claim against Padilla and Castlerock.  *Id*. at 4.
28

6

On April 16, 2024, Plaintiffs' Counsel Fernando Nunez ("Nunez") called Counsel Hanlon to gauge whether Defendants were interested in discussing settlement. (Doc. 154-2 at ¶ 3). On April 23, 2024, Counsel Nunez met with Counsel Hanlon to determine whether mediation would be fruitful. *Id*. at ¶ 4. Counsel Nunez represents that counsel "agreed that Defendants would turn over certain documents to facilitate case valuation and that we would extend the deadline for Plaintiffs' opposition to Defendants' motion for summary judgment so that [he] had time to review the documents." *Id*.; *see* (Doc. 151-1 at ¶ 7) ("Plaintiffs asked Defendants to agree to extend their opposition deadlines for the summary judgment motion…ostensibly so that the parties could discuss settlement.").

On April 25, 2024, Plaintiffs filed a stipulated motion for administrative relief in the form of an extension of Plaintiff's deadline to file an opposition to Defendants Castlerock and Good's motion for summary adjudication. (Doc. 142). In the stipulated motion, the parties reported they were "currently discussing potential settlement of all claims—including those at issue in Defendants' motion." *Id*. at 1. The parties represented that the requested extension was solely for the purpose of facilitating settlement discussions – not for any other purpose, including to facilitate Plaintiffs' search for candidates to substitute into the action or for Plaintiffs' preparation of a motion to amend the complaint. On April 29, 2024, the Court granted the request and ordered Plaintiffs to file an opposition or statement of non-opposition to the motion for summary adjudication by June 11, 2024. (Doc. 143). Counsel Herrera represents that in late-April 2024, Mallison & Martinez informed MALDEF that it knew several individuals who could potentially serve as class representatives against Padilla. (Doc. 154-3 at ¶ 8).

On May 8, 2024, Counsel Hanlon electronically shared a 2,975-page document with Counsel Nunez for the purposes of settlement. (Doc. 154-2 at ¶ 5). Counsel Nunez represents that "after reviewing the documents, I informed Defendants' counsel [on May 28, 2024] that mediation would not be fruitful." *Id*. Counsel Hanlon asserts "[t]here were…no meaningful settlement discussions. Plaintiffs never made a settlement offer, and refused to participate in mediation. Defendants kept trying to engage, but Plaintiffs cut off the discussion by email on May 28, 2024." (Doc. 151-1 at ¶ 8). Counsel Herrera declares "[a]fter unsuccessful settlement

7

1  discussions with counsel for Defendants Good and Castlerock, MALDEF and Mallison &
2  Martinez began the effort to amend Plaintiffs' complaint in order to add Padilla class
3  representatives in May of 2024." (Doc. 154-3 at ¶ 10).
4      On June 10, 2024, Plaintiffs filed the instant motion for leave to file a second amended
5  complaint. (Doc. 148). The proposed second amended complaint ("SAC") seeks to add three
6  proposed Plaintiffs – Marcela Lopez, Ofelina Pena, and Elvis Perez – who worked for Padilla
7  during the relevant class period. *Id*. at 3, 5. Additionally, the proposed SAC seeks to clear up
8  claims and plaintiffs that were dismissed. (Doc. 148-1 at ¶ 5). That same day, Plaintiffs filed an
9  *ex parte* application for an extension of time to respond to Defendants Castlerock and Good's
10 motion for summary adjudication. (Doc. 149). Defendants Castlerock and Good filed an
11 opposition to Plaintiffs' *ex parte* application on June 11, 2024. (Doc. 151). On June 13, 2024,
12 the Court issued an order denying Plaintiffs' *ex parte* application finding the request was
13 procedurally improper, unwarranted, and an abuse of the remedy. (Doc. 153).
14     On June 14, 2024, Plaintiffs filed a belated opposition to Defendants Castlerock and
15 Good's motion for summary adjudication. (Doc. 154). On July 3, 2024, Defendants Castlerock
16 and Good filed a reply in support of their motion for summary adjudication and opposition to
17 Plaintiffs' motion for leave to amend. (Docs. 159-60). On July 19, 2024, Plaintiffs filed a reply
18 in support of their motion for leave to amend. (Doc. 163).
19 **The Applicable Legal Standard**
20     The parties dispute whether Plaintiffs' motion to amend is governed by Rule 16 or Rule
21 15 of the Federal Rules of Civil Procedure.
22     **A. Rule 16 Does Not Apply Absent Entry of a Rule 16 Scheduling Order**
23     Defendants Castlerock and Good argue Plaintiffs' motion is governed by Federal Rule of
24 Civil Procedure 16(b) because the Court issued scheduling orders and set deadlines for
25 amendment. (Doc. 160 at 6). Under Rule 16(b), a scheduling order "may be modified only for
26 good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Green Aire for Air*
27 *Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal.
28 Jan. 6, 2020); *see Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (the

1  "good cause" standard "primarily considers the diligence of the party seeking the amendment."").
2  The Ninth Circuit has explained that the good cause standard of Rule 16(b) applies to a motion
3  for leave to amend a complaint when the scheduling order sets a deadline for amendment. *See*
4  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson*, 975 F.2d at
5  607-09); *see also Beech v. San Joaquin Cnty.*, No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250,
6  at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a
7  timetable to amend the complaint, Rule 16 governs any amendments to the complaint.");
8  *Moriarty v. Cnty. of San Diego*, No. 17-cv-1154-LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal.
9  Sept. 24, 2019) ("Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)'s standard.
10 Here, however, amendment would also require amending the scheduling order, implicating Fed.
11 R. Civ. P. 16.").

12 The argument of Defendants Castlerock and Good that "the Court has set, and Plaintiffs
13 have missed, a series of deadlines to amend the pleadings" is unavailing. (Doc. 160 at 7). While
14 the Court has set deadlines and even convened for scheduling and status conferences, the Court
15 has never entered a Rule 16 scheduling order in this action specifying a deadline to amend
16 pleadings.

17 Defendants Castlerock and Good argue the Court's order setting a deadline for Castlerock
18 to file summary judgment motions and directing Plaintiffs to pursue class certification discovery
19 (Doc. 98), "obviously barred further amendment of the pleadings or additional parties." (Doc.
20 160 at 7). But the Court did not expressly enter a deadline to amend pleadings *at the implied*
21 *urging of Defendants*. Specifically, the Court declined to set case management dates as requested
22 by Plaintiffs at the initial scheduling conference in favor of Defendants' request that the parties
23 file dispositive motions instead of scheduling the case. *See* (Docs. 90, 93, 98); *see* (*Soto*, Doc. 71
24 at 4) ("Likely due to the reports of the parties that no amendments were anticipated and the
25 extensive amendments made thus far, in this case, the scheduling order did not set a deadline for
26 pleading amendments"); *Staley v. Gilead Scis., Inc.*, No. 19-cv-02573-EMC, 2021 WL 5906049,
27 at *1 (N.D. Cal. Dec. 14, 2021) ("The Court holds that Rule 15 applies. The Court's scheduling
28 orders from May 2020, December 2020, and May 2021 [] do not specify a deadline to join other

1   parties or amend pleadings."); *cf. Infmetry LLC v. Message in a Bottle, Inc.*, No. 1:22-cv-01075-
2   DJC-JDP, 2024 WL 3470345, at *2 (E.D. Cal. Jul. 19, 2024) ("The scheduling order set June 30,
3   2023, as the deadline for leave to amend…Because this deadline passed, the Rule 16 good cause
4   standard applies. Fed. R. Civ. P. 16(b)(3)–(4)."); *Nat'l Liab. & Fire Ins. Co. v. Pacific Window
5   Corp.*, No. SACV 03-00608 JVS, 2008 WL 11340360, at *1 (C.D. Cal. May 12, 2008) ("This
6   Court's June 1, 2007 Scheduling Order requires that all motions to amend and add parties be filed
7   within 60 days of the date of the Order … Because this motion [to amend] is brought nearly nine
8   months after that deadline, Federal Rule of Civil Procedure 16(b) governs [plaintiff's] request.").
9   As such, the Court did not "obviously bar" further amendment in 2022.

10   The related arguments by Defendants Castlerock and Good that the Court set two
11   deadlines governed by Rule 16(b) following the suggestion of death of Gutierrez also is
12   unpersuasive. (Doc. 160 at 7-8). First, Defendants Castlerock and Good argue the Court's May
13   18, 2023, order set a deadline for pleading amendments. *Id*. The May 18, 2023, order expressly
14   provides: "Counsel for Plaintiffs shall make any Plaintiff properly *substituted* for deceased
15   Plaintiff Florencia Gutierrez (see Doc. 105 & Fed. R. Civ. P. 25(a)) available for noticed
16   deposition no later than July 14, 2023." (Doc. 116) (emphasis added). The Court used the word
17   "substitute," cited to Defendants' statement noting the death of Gutierrez, and the requirements of
18   substitution of parties under the Federal Rules. *Id*. Indeed, the language from Defendants
19   Castlerock and Good's June 21, 2023, motion to dismiss makes clear that they understood the
20   Court's May 18, 2023, "deadline" related to Plaintiffs' failure to file a timely motion for
21   substitution. (Doc. 120-1 at 3). In short, by directing that any properly substituted plaintiff be
22   available "for noticed depositions" by July 14, 2023, the Court neither directly nor indirectly set
23   that same date as the deadline for amendment of pleadings.

24   Likewise, Defendants Castlerock and Good's argument that the Court's July 19, 2023,
25   order set a deadline for the amendment of pleadings fails for the same reasons. (Doc. 160 at 8).
26   That order expressly provides: "Plaintiffs SHALL move to *substitute* plaintiff for Florencia
27   Gutierrez and produce that person for deposition no later than September 1, 2023." (Doc. 130)
28

10

(emphasis added). As with its order of July 14, 2023 (discussed *supra*), the Court did not specify that the September 1, 2023, deadline would close the amendment of pleadings.

Therefore, because a specific deadline for amending pleadings was never set in this action, the standards of Rule 15 govern Plaintiffs' motion, and Rule 16(b) is inapplicable.

### B. Rule 15 – Applicable Standard

Rule 15 provides that a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party if the amendment is sought more than 21 days after the filing of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, 2011 WL 1335607, at *3 (N.D. Cal. April 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself…is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify

the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant *Nunes* factors below:

1. Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)). Here, there is insufficient information before the Court to conclude that Plaintiffs' harbor a wrongful motive in requesting leave to amend. To the contrary, although their efforts have been significantly delayed, it appears Plaintiffs are attempting to move this litigation forward by amending their complaint to add plaintiffs after Garcia's voluntary dismissal and Gutierrez's passing. *E.g.*, (Doc. 148-1 at ¶¶ 3-4) (representation by Plaintiffs' counsel that proposed plaintiffs to be substituted or added contacted counsel only after settlement discussions failed, Defendants filed their motion for summary adjudication, and counsel undertook efforts to seek amendment). Accordingly, this factor weighs in favor of amendment.

2. Undue Delay

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*,

655 F.2d at 979-80.  In assessing whether there exists undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted).  The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend.  *Howey*, 481 F.2d at 1190-91.  Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date.  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Defendants Castlerock and Good contend Plaintiffs were aware they were missing a Padilla class representative well over a year ago.  Indeed, Plaintiffs were provided ample time by the Court to address Gutierrez's passing and Garcia's voluntary dismissal.  (Docs. 116, 130).  Further, Plaintiffs bear some if not most of any blame for causing delay in the prosecution of this action.  For instance, they requested an extension of time to respond to Defendant's motion to dismiss Gutierrez (Doc. 126) but ultimately filed no response.  Plaintiffs also were granted an extension of time to respond to Defendants' motion for summary adjudication for the purpose of facilitating settlement discussions (Doc. 143); yet the parties' pleadings reflect that Plaintiffs did not engage in any meaningful settlement discussion.  While the Court acknowledges that identifying a Padilla class representative "was not an easy task" *See* (Doc. 154 at 9; 154-3 at ¶ 10 ("I attribute Plaintiffs' counsel's inability to locate Padilla class representatives to these workers' typical residential circumstances."), the record can be construed as evidencing that Plaintiffs proceeded with less than perfect diligence and obtained the benefit of an expanded period of time within which to locate or make contact with an adequate class representative.

However, as discussed above, the Ninth Circuit measures the "delay between the time of obtaining a relevant fact and seeking [] leave to amend… " *AmerisourceBergen Corp.*, 465 F.3d at 952 (citing *Texaco*, 939 F.2d at 799).   Plaintiffs contend there has been no undue delay because "[a]s soon as Plaintiffs' counsel encountered the Proposed Plaintiffs and evaluated their claims, [they] sought to amend their complaint to add the Proposed Plaintiffs without delay by

13

filing the instant Motion." (Doc. 148 at 7). The Court agrees. It appears Plaintiffs filed the instant motion approximately two months after being informed of individuals who could potentially serve as class representatives against Padilla. (Docs. 148; 154-3 at ¶ 8). Therefore, Plaintiffs did not engage in undue delay, within the relevant time period, and this factor weighs in favor of amendment.

### 3. Futility of Amendment

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

The Court has reviewed Plaintiffs' proposed amendments (Docs. 148-2; 148-3) and finds the proposed amendments are not futile. Therefore, this factor weighs in favor of amendment.

### 4. Prejudice to the Opposing Party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. Prejudice must be substantial to justify the denial of leave to amend. *Rose*, 893 F.2d at 1079. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Defendants Castlerock and Good claim they will "be substantially prejudiced were this motion granted" because Plaintiffs' lack of diligence "has [] wasted two years in a case that is more than a decade old." (Doc. 160 at 6, 10, n.4). Further, Defendants Castlerock and Good

14

contend Plaintiffs' lack of diligence has caused them to spend time and resources filing a motion for summary adjudication based on Plaintiffs' failure to replace Gutierrez. *Id*.

The Court finds Defendants Castlerock and Good's argument unavailing. As Defendants have not deposed a named Plaintiff for the Padilla class, allowing the naming of new class representatives would not force Defendants to engage in redundant discovery. *Cf.* (Soto Doc. 71 at 10) ("allowing the naming of a new class representative would unduly prejudice Defendant, because Defendant has been preparing arguments and defenses based upon the identity of the class representatives who have been named since 2009."); *Fodera v. Equinox Holdings, Inc.*, No. 19-cv-05072-WHO, 2021 WL 1164799, at *8 (N.D. Cal. Mar. 26, 2021) ("The proposed amendments do not appear likely to require substantially different discovery than what would already be likely to occur on the basis of the allegations in the SAC.").

While the Court acknowledges that this litigation has been delayed by Gutierrez's passing and Plaintiffs' inability to find adequate Padilla class representatives, the resources and time Defendants Castlerock and Good spent on filing a motion for summary adjudication do not amount to undue prejudice. Instead, the Court finds amendment would allow the Court to address the question of class-wide certification on its merits, rather than on a technicality. Countenancing Defendants Castlerock and Good's suggestion that any putative class members could bring their individual claims in a separate suit would not promote judicial economy. (Docs. 160 at 11; 163 at 7). Accordingly, this factor weighs in favor of granting leave to amend.

5. Prior Amendments

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the present amendments sought by Plaintiffs would constitute the second amendment to the pleadings (Doc. 45), and as discussed above (*supra* 2), the procedural history of this case indicates multiple amendments have been filed throughout this litigation. However, the Court finds Plaintiffs' past amendments throughout this litigation do not outweigh the other Rule 15 factors that weigh in favor of granting leave to amend.

**Conclusion and Order**

Based on the foregoing, the *Nunez* factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to file a second amended complaint and, therefore, the Court will exercise its discretion to grant Plaintiffs' motion for leave to file a second amended complaint. *Swanson*, 87 F.3d at 343. With the addition of the three proposed Plaintiffs (Marcela Lopez, Ofelina Pena, and Elvis Perez), the Court will order the parties to meet and confer regarding the scheduling of depositions and provide a status report within 14 days from the date of this order to minimize any further delays in this action. In light of the Court's grant of Plaintiffs' motion to amend, the parties also will be ordered to meet and confer and report to the Court their respective views as to whether Defendants' pending motion for summary judgment (Doc. 140) is moot and should be withdrawn or terminated.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for leave to file a second amended complaint (Doc. 148) is GRANTED;
2. Within five days of entry of this Order, Plaintiffs shall file a second amended complaint electronically as a standalone docket entry in this case;
3. Upon its filing, the second amended complaint shall become the operative complaint in this action;
4. Defendants shall have 45 days to file their responses to the second amended complaint following service thereof; and
5. Within 14 days from the date of this order, the parties shall meet and confer and provide a status report addressing (1) the scheduling of depositions of the newly added plaintiffs, and (2) whether Defendants' pending motion for summary judgment (Doc. 140) is moot and should be withdrawn or terminated.

IT IS SO ORDERED.

Dated:  **November 6, 2024**                                  _____
UNITED STATES MAGISTRATE JUDGE