UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. MORENO, *et al.*,<br>Plaintiffs,<br>v.<br>CASTLEROCK FARMING AND TRANSPORT INC., *et al.*,<br>Defendants. | Case No. 1:12-cv-00556-JLT-CDB<br>ORDER CERTIFYING A CONSTITUTIONAL CHALLENGE TO THE ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA<br>(Doc. 208)<br>Clerk of the Court to Serve the Attorney General for the State of California |

On October 22, 2026, the presiding district judge granted in part the motion by Defendants Castlerock Farming and Transport, Inc. ("Castlerock"), and Albert L. Good to dismiss and to strike certain claims and the request by Plaintiffs for statutory penalties advanced in Plaintiffs' fifth amended complaint. (Doc. 204). On November 4, 2026, Castlerock filed its answer to the fifth amended complaint (Doc. 207) and a notice of constitutional question pursuant to Federal Rule of Civil Procedure 5.1 (Doc. 208). Of relevance here, Castlerock asserts in its notice that the eleventh affirmative defense it asserts in its answer "draws into question the constitutionality of a statute of the State of California," specifically, the carve-out provision codified at former California Labor Code section 226.2(g)(2) and sunset provision codified at former California Labor Code section 226.2(j). (Doc. 208 at 2).

Under Federal Rule of Civil Procedure 5.1(a), a party challenging the constitutionality of a state statute in an action where the state, a state agency, or an officer or employee in an official capacity is not a party must promptly file a notice of constitutional question and serve the notice on the state's Attorney General. In such circumstances, "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). The Attorney General may elect to intervene within 60 days after the notice is filed or the court certifies the challenge, whichever is earlier. Fed. R. Civ. P. 5.1(c).

Here, Castlerock has called into question the constitutionality of certain provisions of California Labor Code section 226.2. Accordingly, the Court is required to certify the constitutional challenge to the Attorney General for the State of California. The certificate of service accompanying Castlerock's notice of constitutional challenge indicates a copy was served on the Attorney General for the State of California through certified mail on November 4, 2026. (Doc. 208 at 33). In accordance with Rule 5.1(c), the Attorney General has 60 days, or until January 4, 2027, to intervene in this action.

Accordingly, it is HEREBY ORDERED:

1. The Court CERTIFIES to the Attorney General for the State of California that a constitutional challenge to a state statute has been made;
2. The Clerk of the Court is DIRECTED to send a copy of this Order, accompanied by the Notice of Constitutional Challenge (Doc. 208) to the Attorney General for the State of California, 1300 I Street, Suite 125, Sacramento, California, 95814;
3. No later than January 4, 2027, the Attorney General may elect to intervene to address the constitutional issue; and
4. If the Attorney General fails to timely intervene or otherwise involve himself in this action, the matter will be deemed submitted.

IT IS SO ORDERED.

Dated: **November 5, 2026**

UNITED STATES MAGISTRATE JUDGE