UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. MORENO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CASTLEROCK FARMING AND TRANSPORT INC., *et al.*,<br><br>Defendants. | Case No. 1:12-cv-00556-JLT-CDB<br><br>ORDER REQUIRING DEFENDANT J.L. PADILLA & SONS LABOR SERVICE, INC. TO PAY SANCTIONS OF $100.00 PER DAY<br><br>(Docs. 204, 213) |

**Relevant Background**

On October 22, 2026, the Court ordered the parties to file by November 4, 2026, a joint status report detailing proposed dates and deadlines for the remainder of the case. (Doc. 204 at 23). On November 5, 2026, Plaintiffs' counsel timely filed a status report in response to the Court's order noting therein that counsel for Defendant J.L. Padilla & Sons Labor Service, Inc. ("Padilla & Sons"), failed to respond to her inquiries about participating in the drafting of the joint report. (Doc. 211 at 2 n.1).

Because it appeared Defendant Padilla & Sons had failed to comply with the Court's order to join the filing of a joint status report, and the time to do so had passed, on November 6, 2026, the Court ordered Defendant Padilla & Sons is to show cause ("OSC") in writing no later than November 10, 2026**,** why sanctions should not be imposed for its failure to comply with the Court's

order. (Doc. 213). Defendant Padilla & Sons was admonished that any failure to timely comply with the OSC "will result in the imposition of sanctions." *Id.*

Defendant Padilla & Sons has failed to file any response to the Court's OSC, and the time to do so has expired.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *see Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). *E.g., Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order).

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Further, "[i]n the event any attorney subject to these Rules

engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, the Court ordered the parties to file by November 4, 2026, a joint status report detailing proposed dates and deadlines for the remainder of the case. (Doc. 204 at 23). After counsel for Plaintiffs timely filed a status report in response to the Court's order noting therein that counsel for Defendant Padilla & Sons failed to respond to her inquiries about participating in the drafting of the joint report (Doc. 211 at 2 n.1), and it appeared that Defendant Padilla & Sons failed to comply with the Court's order to join the filing of a joint status report, the Court ordered Defendant Padilla & Sons to show cause in writing why sanctions should not be imposed for its failure to comply with the Court's order. (Doc. 213). Defendant Padilla & Sons has failed to make any filing in response to the Court's OSC.

Defendant Padilla & Sons's intransigence is preventing the Court from efficiently managing its docket. Accordingly, the Court finds that monetary sanctions are appropriate to compel Defendant Padilla & Sons to comply with this Court's orders. Therefore, to gain Defendant Padilla & Sons's compliance, a $100.00 sanction shall be imposed on Defendant Padilla & Sons commencing on the date of this order and shall continue to be imposed each day thereafter until Defendant Padilla & Sons complies in responding to the Court's OSC why sanctions should not be imposed for its failure to comply with the Court's order to join the filing of a joint status report. Defendant Padilla & Sons's filing of a response to the Court's OSC will not relieve Defendant Padilla & Sons of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

///

///

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant J.L. Padilla & Sons Labor Service, Inc. shall pay the Clerk of the Court $100.00 per day, beginning on the date of this order, until Defendant J.L. Padilla & Sons Labor Service, Inc. files a response to the Court's order to show cause (Doc. 213) why sanctions should not be imposed for its failure to comply with the Court's October 22, 2026, order to participate in the filing of a joint status report (Doc. 204 at 23).

IT IS SO ORDERED.

Dated: **November 12, 2026**

UNITED STATES MAGISTRATE JUDGE