UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA G. MORENO, *et al.*,

Plaintiffs,

v.

CASTLEROCK FARMING AND TRANSPORT INC., *et al.*,

Defendants.

Case No. 1:12-cv-00556-JLT-CDB

ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING DEFENDANT J.L. PADILLA & SONS LABOR SERVICE, INC. TO PAY SANCTIONS

(Docs. 215, 218)

**Deadline – Nov. 30, 2026**

**Relevant Background**

On October 22, 2026, the Court ordered the parties to file by November 4, 2026, a joint status report detailing proposed dates and deadlines for the remainder of the case. (Doc. 204 at 23). On November 5, 2026, Plaintiffs' counsel timely filed a status report in response to the Court's order noting therein that counsel for Defendant J.L. Padilla & Sons Labor Service, Inc. ("Padilla & Sons"), failed to respond to her inquiries about participating in the drafting of the joint report. (Doc. 211 at 2 n.1).

Because it appeared Defendant Padilla & Sons had failed to timely comply with the Court's order to join the filing of a joint status report, on November 6, 2026, the Court ordered Defendant Padilla & Sons is to show cause ("OSC") in writing no later than November 10, 2026, why sanctions should not be imposed for its failure to comply with the Court's order. (Doc. 213). Defendant

Padilla & Sons was admonished that any failure to timely comply with the OSC "will result in the imposition of sanctions." *Id.*

Defendant Padilla & Sons failed to file any response to the Court's OSC by the deadline. Accordingly, two days after the deadline had passed (on November 12, 2026), to gain compliance with its orders, the Court ordered Defendant Padilla & Sons to pay the Clerk of the Court $100.00 per day from the date of Court's order imposing sanctions, until Defendant Padilla & Sons filed a response to the Court's OSC why sanctions should not be imposed for its failure to comply with the Court's earlier order to join the filing of a joint status report. (Doc. 215). Defendant Padilla & Sons was informed that filing a response to the Court's OSC would not relieve it of the sanction imposed commencing on the date of the order. *Id.* at 3.

**<u>Discussion</u>**

On November 13, 2026, Defendant Padilla & Sons filed a response to the Court's OSC and order imposing sanctions. (Doc. 218). Int that response, counsel declares that Defendant Padilla & Sons's failure to respond to the Court's orders was not willful or undertaken in bad faith but due to an "inadvertent breakdown" and clerical error in his office's handling of electronic notices such that he did not have notice of the joint status report deadline or the Court's OSC until contacted by counsel for Defendant. *Id.* at 2; (Doc. 218-1, declaration of Daniel K. Klingenberger ("Klingenberger Decl.") ¶¶ 4-5). Counsel further declares that he reviewed the joint status report submitted and filed (Doc. 211) and joins the positions taken by Defendant Castlerock Farming and Transport, Inc. without any changes thereto. *Id.* ¶ 7.

Considering Defendant Padilla & Sons's prompt compliance with the Court's sanctions order, the Court will discharge further sanctions and impose a total sanction of $100.00 based on the Court's order. Accordingly, to deter Defendant Padilla & Sons and counsel from future violations of the Court's orders and the Local Rules and to ensure they abide by all applicable deadlines in this case, the Court will impose a total sanction of $100.00. *See, e.g.*, *Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished). The Court concludes that such a sanction is sufficient but not more

than necessary to accomplish its coercive aim light of the character and magnitude of the harm threatened by continued delinquency. *See Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Defendant J.L. Padilla & Sons Labor Service, Inc. SHALL pay the Clerk of the Court $100.00 in full satisfaction of the sanction imposed in this case no later than **November 30, 2026**;
2. Defendant J.L. Padilla & Sons Labor Service, Inc.'s counsel SHALL promptly file proof of payment with the Court once payment is made; and
3. If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from November 30, 2026, until full payment is received.

IT IS SO ORDERED.

Dated: **November 16, 2026**

UNITED STATES MAGISTRATE JUDGE